### Sarah Thomas v. The State.

#### No. 7872.   Decided June 18.

1.   **Practice in Court of Appeals — Reforming Judgment.** — It is within the power of this court to reform and correct the judgment as the law and nature of the case may require (Code of Criminal Procedure, article 869), and this authority extends as well to the sentence.

2.   **Same — Variance Between Verdict and Judgment.** — Where the accused was tried upon an indictment charging in separate counts, burglary and receiving and concealing stolen property, and the court in its charge limited the jury in their findings solely to the latter offense, and the verdict was a general one of guilty, with the punishment assessed, but judgment was rendered finding the defendant guilty of burglary, this court will not reverse on account of the variance between the verdict and judgment, but reforms the judgment so as to make it conform to the verdict.

Appeal from the District Court of Bell.   Tried below before Hon. W. A. Blackburn.

The indictment upon which defendant was tried in the lower court contained five counts, the three first charging her with receiving and concealing stolen property, the fourth with theft of said property, and the fifth with burglary and theft of said property.   At the trial the court limited the jury in their findings to the counts of receiving and conceal-ing stolen property.   The verdict of the jury was:   "We the jury find the defendant guilty, and assess the punishment at two years in the penitentiary."   Upon this verdict a judgment was rendered, reciting that defendant had been found guilty of burglary, and assessed the punishment in conformity with the verdict.   And in the final judgment and sentence it was also declared that she had been convicted of burglary, and the sentence pronounced upon her accordingly.

The evidence shows that two parties, John Stokes and Jim Potts, burglarized two store houses in the city of Belton, and took therefrom a large lot of women's dress goods and wearing apparel, which goods were found in the possession of defendant, who, it seems, was the kept

mistress of Jim Potts. There was also found, in her bureau drawer, gents' wearing apparel of over $50 in value, which were identified as a part of the goods taken from the burglarized houses.

No briefs for either party have come into the hands of the Reporter.

DAVIDSON, JUDGE.—Appellant was charged by indictment in several counts with the offense of theft, burglary, and receiving and concealing stolen property, etc.

The court, by his charge, limited the jury in their consideration of facts to those counts charging the latter named offense, and their verdict was: "We the jury find the defendant guilty, and assess her punishment at two years in the penitentiary." Upon this verdict judgment was rendered adjudging appellant "guilty of burglary, as found by the jury, and that she be punished as has been determined by the jury," etc. The sentence follows the judgment, and recites that appellant was convicted of the "offense of burglary," etc. The judgment and sentence are erroneous, but not of such character as requires a reversal of the judgment. The verdict finding defendant guilty, means that she was guilty of the offense charged, and for which she was tried, and this was for receiving and concealing stolen property. It is within the power of this court to reform and correct the judgment, as the law and the nature of the case may require. Code Crim. Proc., art. 869. This authority extends as well to the sentence. Purcelly v. The State, 29 Texas Ct. App., 1; Reyno v. The State, 26 Texas Ct. App., 666; Hill v. The State, 10 Texas Ct. App., 673; McDonald v. The State, 14 Texas Ct. App., 504; Willson's Crim. Proc., secs. 2592, 2673.

We therefore reform the judgment and sentence so as to conform the same to the indictment and verdict, and the defendant, Sarah Thomas, is adjudged guilty of the offense of receiving and concealing stolen property, knowing the same to have been stolen, as charged in the indictment, and it is ordered that said defendant be confined in the penitentiary for a term of two years for said offense.

Upon a careful examination of the record, we find no such error as requires a reversal of the judgment, and it is therefore reformed and affirmed.

*Reformed and affirmed.*

Judges all present and concurring.