### PRETTIES WEST v. THE STATE.

No. 19679. Delivered May 4, 1938.
Rehearing denied June 22, 1938.

The opinion states the case.

*Adams & McAlister,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for attempting to pass a forged instrument; penalty assessed at confinement in the penitentiary for two years.

The record is before this Court without statement of facts or bills of exception.

The indictment contains two counts, the first charging forgery and the second charging an attempt to pass a forged instrument. The court withdrew the first count from the consideration of the jury. The appellant entered a plea of guilty to the offense of attempting to pass a forged instrument, and the verdict of the jury is based upon that count. However, through some mistake the judgment and sentence both adjudge the appellant guilty of the offense of forgery. All other matters of procedure appearing regular, this Court, under the precedents cited in Wright v. State, 59 S. W. (2d) 155, has authority to reform the judgment and sentence. Therefore, the judgment and sentence appearing in the record and in the minutes of the trial court will be corrected so as to adjudge the appellant guilty of attempting to pass a forged instrument, and the sentence will be reformed to conform thereto.

As reformed, the judgment is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, JUDGE.—Appellant, in his motion for rehearing, vigorously contends that we erred in our original opinion by reforming and affirming the judgment and sentence of the trial court. He seems to base his contention on the fact that there is no statement of facts accompanying the transcript and therefore this Court is without evidence to warrant a reformation of the judgment from forgery to the offense of attempting to pass a forged instrument. The transcript contains a copy of the indictment charging appellant with the offense of attempting to knowingly pass as true a forged instrument with intent to de-

fraud. The court, in his charge to the jury, submitted the case upon said charge in the indictment. The jury found appellant guilty of attempting to knowingly pass as true a forged instrument with intent to defraud, and assessed his punishment at confinement in the State Penitentiary for a term of two years. The judgment and sentence, however, recite that he is guilty of forgery, etc.

It occurs to us that this is a clerical error and one that this Court can reform by reference to the transcript without a statement of the facts. Article 847, C. C. P., authorizes this Court to reform and correct a judgment as the law and nature of the case may require. This procedure has been followed by this Court for more than half a century.

In the case of Thomas v. State, 31 Texas Crim. Rep. 82, the appellant was found guilty by a jury of receiving and concealing stolen property and his punishment was assessed at confinement in the State Penitentiary for a term of two years. Upon said verdict, judgment was rendered adjudging him guilty of burglary and sentence was pronounced accordingly. Judge DAVIDSON, then a member of this Court, reformed the same to conform to the charge in the indictment and verdict.

In the case of Reyna v. State, 26 Texas Crim. App. 666, the appellant was charged by indictment with the offense of knowingly attempting to pass as true, a false and forged instrument, etc. The jury found him guilty of said offense and assessed his punishment at confinement in the penitentiary for two years. Upon said verdict, judgment was rendered adjudging him guilty of forgery and he was sentenced accordingly. Judge WILSON, then a member of the Court, reformed the same to conform to the charge in the indictment and verdict of the jury.

Thus, it will be noted that this practice is not of recent origin but has been consistently followed since the enactment of the article above referred to.

The motion for a rehearing will be overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.