### JOHN ROBISON v. THE STATE.

#### No. 1969. Decided November 6, 1912.

**1.—Murder—Reforming Judgment—Practice on Appeal.**

Where the District Court at a succeeding term of the court refused to reform the judgment because the case was pending on appeal, there was no error. However, this court has jurisdiction to reform such judgment, changing the penalty from life imprisonment to death in accordance with the verdict. Following McCorquodale v. State, 54 Texas Crim. Rep., 344.

**2.—Same—Bills of Exception.**

In the absence of bills of exception to the admission of testimony no error is presented.

**3.—Same—Statement of Facts.**

The law requires that the statement of facts shall be filed at the term in which the conviction occurs, or within a certain specified time after adjournment, and it can not be filed thereafter.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of murder in the first degree; penalty, death.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—On the question of reforming judgment: Robinson v. State, 58 Texas Crim. Rep., 550; Fox v. State, 62 id., 430, and cases cited in opinion.

DAVIDSON, Presiding Judge.—This conviction was for murder in the first degree with the death penalty.

The record is before us without a statement of facts or bills of exception. The conviction occurred on December 13; that is, the judgment was entered that day on the verdict of the jury, which verdict found the appellant guilty of murder in the first degree and assessed his punishment at death. In entering up the judgment on this verdict the clerk entered it upon the verdict of murder in the first degree, but adjudged he should be confined in the penitentiary for a life term. Motion was made for new trial and overruled, and notice of appeal given. At the succeeding term of the court the following May appellant made a motion to correct this judgment and have proper judgment entered on the verdict. This was overruled by the court inasmuch as the case was pending on appeal in this court at the time. We are of opinion that the ruling of the court was correct. That court had lost jurisdiction over the matter to correct the judgment. However, this court will enter the proper judgment, that is, one that should have been entered in the court below, and the clerk will write up the judgment in this court conforming it to the verdict of the jury, which was the death penalty. The statute in this State authorizes this court to correct and reform judgments. In McCorquodale v. State, 54 Texas Crim. Rep., 344, the majority of the court went far enough to order judgment entered upon the verdict when the lower court had not done so. The writer did not concur but entered a dissent. There seems to be no complaint in the motion for new trial that can be reviewed in the absence of the statement of facts. Many of the grounds refer to the admission and rejection of testimony. There were no bills of exception reserved to these matters, and, therefore, they can not be considered. There are also some exceptions set out in the motion for new trial to the charge of the court. None of these are fundamental in their nature, nor are they presented in such shape they can be reviewed in the absence of statement of facts.

Appellant asked if this court should hold that the trial court was correct in refusing to correct the judgment heretofore mentioned in the opinion, that he be granted time in which to file bills of exception

and statement of facts. We are of opinion this can not be done. The statute requires that the statement of facts shall be filed at the term in which the conviction occurs, or within a certain specified time after adjournment.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*