## JOE RAGUSIN V. THE STATE.

### No. 10603.   Delivered November 3, 1926.

**1.—Sale of Intoxicating Liquor—Judgment and Sentence—Reformed.**

The judgment and sentence in this case states that the offense for which conviction was had was for a "violation of the liquor law." There is no such offense in this state. The judgment and sentence will be corrected to conform to the verdict, and appellant will be adjudged guilty of selling intoxicating liquor, as found by the jury.

**2.—Same — Evidence — Answer of Witness — Not Responsive — No Error Shown.**

Where complaint is made that the answer of a witness is not responsive to the question propounded by appellant, and such answer does not appear to be prejudicial or harmful, no reversible error is shown.

**3.—Same—Argument of Counsel—No Error Presented.**

Where appellant complains of the refusal of the court to grant him time to prepare a special charge withdrawing the argument of state counsel from their consideration, and the argument referred to was merely the interpretation put upon testimony by the state's attorney, and reflected only his opinion concerning its effect, no injury is shown.

Appeal from the District Court of Matagorda County. Tried below before the Hon. M. S. Munson, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Mata-

gorda County for selling intoxicating liquor, punishment one
year in the penitentiary.

Our attention is called to the fact that in the judgment and
sentence in this case the offense for which conviction was had is
referred to as "violation of the liquor law." There is no such
offense known to the laws of this state. Appellant was charged
with selling intoxicating liquor. The verdict of the jury found
appellant guilty as charged. The judgment and sentence will
be corrected to conform with the verdict, and appellant will be
adjudged guilty of selling intoxicating liquor as found by the
jury, and the sentence will be reformed to follow said judgment.

There are three bills of exception. The first attacks an
answer made by a state witness to a question propounded by
appellant's counsel on cross-examination, the complaint being
that the answer was not responsive to the question, and that
the court refused to strike out the answer upon appellant's
motion. The question referred to is as follows: "Your mem-
ory is as good about what you paid him for and about how
much you got as it is about everything else, is it not?" To this
the District Attorney objected on the ground that it called for
a conclusion of the witness, but the objection being overruled,
the witness stated: "Well, I have made a good many off him
and it is a hard matter to remember them all that length of
time." As we view the matter, the answer of the witness,
while not strictly responsive, appears to convey the idea that
his memory was not clear as to all the transactions because of
the length of time and the number of transactions. Just what
the witness meant by the answer does not appear in the testi-
mony or in any statement of the facts appearing in the bill of
exceptions. We do not believe the matter of the failure to
make an answer different in words and more exactly responsive,
could injuriously affect appellant's rights.

The second bill of exceptions is qualified by the court and
under the qualification we are clearly of opinion that no injury
is shown by the bill.

The remaining bill of exceptions is to the fact that the court
refused to give appellant time to prepare a charge instructing
the jury not to consider certain argument made by state's coun-
sel. The qualification to this bill shows that the court informed
appellant's counsel that he would not give a charge instructing
the jury not to consider the argument, but would give to appel-
lant his full bill of exceptions to the making of the objectionable
argument and to the refusal of the charge which appellant

claimed he desired to prepare. This in effect amounted to no more than a refusal of the court to instruct the jury not to consider the argument referred to. The argument was merely the interpretation put upon testimony by the state's attorney and represented no more than his opinion concerning its effect. We do not believe the matter presents any error.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*