### S. A. HARRIS v. THE STATE.

No. 14450. Delivered June 15, 1932.
Rehearing Denied October 12, 1932.
Reported in 53 S. W. (2d) 48.

178

The opinion states the case.

*E. T. Miller,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, possession of intoxicating liquor for the purpose of sale; the punishment, three years in the penitentiary.

The appellant was jointly indicted with one J. R. Schwartz. There were three counts in the indictment, the first count charging the appellant and J. R. Schwartz with the unlawful possession and having in their possession for the purpose of sale intoxicating liquor; the second count charged the appellant and Schwartz with the unlawful possession and having in their possession a certain still, mash, material, and equipment and supplies for the manufacture of intoxicating liquor; the third count charged appellant and the said Schwartz with the unlawful manufacture of liquor capable of producing intoxication. A severance was granted and the appellant was put upon trial alone. All three of said counts were submitted to the jury and the jury found the appellant, S. A. Harris, guilty as charged in the first count in the indictment.

Peace officers had a search warrant to search the residence and premises of the said J. R. Schwartz. As they drove up to the premises, they saw appellant coming away from the house and going in the direction of the barn. He was wearing some dirty, smutty overalls. A search of the premises revealed in the house a complete still in operation, several barrels of mash, and three or four gallons of whisky. There was no one else found in the house or on the premises except the appellant.

Appellant testified at considerable length explaining his presence at the time and place and said that he was there working for Schwartz doing some plowing and had previously been engaged and been working for a man by the name of Schwab who lived in that vicinity; that he completed the work for Schwab and had gone over to work for Schwartz on the premises where the whisky and still were found. He further testified that

Schwab and his family had left to go to Oklahoma and had made arrangements with him to look after some hogs, chickens, and some cows; that they had to be looked after both in the morning and in the afternoon; that he would go to Schwab's house to do the chores at night and stay there at night and come back in the morning to work for Schwartz. He further testified that he did not operate and was not in any way interested in any still or mash or the manufacture of any whisky on Schwartz's premises; that he was not interested directly or indirectly with the still in any way; that he had no possession or control of the same or of the premises.

One of the officers testified that the appellant told him that he would watch the still once in a while himself.

There were no exceptions or objections to the court's main charge nor any special requested charges. The case is presented here on three bills of exception, all of which relate to the same matter.

Bill of exception No. 1 complains of the action of the trial court in refusing to instruct the jury not to consider the testimony of the state's witnesses, Bob Barnett, C. T. Vanderpool, and John Fry, to the effect that the defendant was requested to and did light the still that was found in the house owned by J. R. Schwartz, for the reason that said testimony was illegal, incompetent, and irrelevant, immaterial, and highly prejudicial to the rights of the defendant and were acts and things done under the direction of the officers after he was under arrest. There is nothing in this bill showing that the appellant was under arrest at the time he lit the still. There is nothing in the bill to verify the truth of the objection, and a mere statement of a ground of objection in a bill of exception is not a certificate of the judge that the facts which formed the basis of the objection are true. It merely shows that such objection was made, and the appellant did not incorporate so much of the evidence in the bill as would verify the truth of his objections. Therefore, it is not subject to consideration under the authorities. See Coleman v. State, 110 Texas Crim. Rep., 409, 10 S. W. (2d) 559; Arnold v. State, 74 Texas Crim. Rep., 269, 168 S. W., 122, 125; Fisher v. State, 107 Texas Crim. Rep., 383, 296 S. W., 545; Stanford v. State, 103 Texas Crim. Rep., 182, 286 S. W., 798.

Bills of exception Nos. 2 and 3 relate to the same incident complained of in bill No. 1, and the same ruling was made. The bills last mentioned are subject to the same defect pointed out in the discussion of bill No. 1. There is nothing in either one of said bills that shows appellant had been arrested at the time of the alleged act by him. There appears nowhere in any of said bills the certification of the trial court as to the truth or merit of any of these objections.

We note that the verdict of the jury found the appellant guilty as charged in the first count in the indictment, while the judgment of the

court, after setting out said verdict of the jury, finds that the appellant was found guilty of the offense as charged in the second count of the indictment, and the sentence states that the appellant has been convicted of the offense of unlawfully possessing a still, mash, material, equipment and supplies for the manufacture of intoxicating liquor. The judgment and the sentence will therefore be reformed to conform with the verdict of the jury finding the defendant guilty under the first count in the indictment of the offense of unlawfully possessing intoxicating liquor for the purpose of sale, and as so reformed the judgment will be affirmed.

*Reformed and affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant complains of the fact that we reformed the judgment and sentence in this case to make them conform to the verdict of the jury. There were three counts in the indictment, all of which were submitted to the jury, and they found appellant guilty under count No. 1, which charged him with possession of intoxicating liquor for purposes of sale. The judgment entered and the sentence following same adjudged appellant guilty of possessing a still, etc. That this court may reform a judgment or sentence or both which adjudge and sentence the accused for guilt of an offense different from that embraced by the verdict, is settled law in this state. Many cases will be found collated under subdivision 14 of the notes of article 847, Vernon's Annotated C. C. P., covering the exact contention of appellant in this case and holding adversely to him. We call attention to Sterling v. State, 103 Texas Crim. Rep., 151, 280 S. W., 777, and Rape v. State (Texas Crim. App.), 286 S. W., 1090.

We have again examined appellant's three bills of exception in the light of his able motion for rehearing, and the authorities cited. A statement in one of said bills, emphasis upon which is laid in appellant's motion, to the effect that "It clearly appears," etc., is not any statement of fact made by the court, but is merely a part of appellant's statement of his objection, and was properly so regarded by us in the original opinion.

The motion for rehearing will be overruled.

*Overruled.*