LEONARD WRIGHT ALIAS W. E. DAVIS V. THE STATE.

No. 15388.   Delivered March 22, 1933.
Rehearing Denied April 26, 1933.
Reported in 59 S. W. (2d) 155.

The opinion states the case.

*J. Lee Cearley,* of Cisco, and *Frank Judkins,* of Eastland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is an attempt to pass a forged instrument; penalty assessed at confinement in the penitentiary for two years, as defined in article 996, P. C., 1925.

The appellant presented to Harry Johnson, a salesman in

the store of Katz & Sullivan, in payment of some merchandise, a check for $72.40, purporting to have been drawn upon the United Gas Public Service Company, signed by R. R. Lott, District Cashier, and payable to W. E. Davis. While preparing the goods selected by the appellant, Johnson gave the check to Katz, to whom the appellant represented that his name was Davis and presented a printed card with that name upon it. The transaction occurred after banking hours, but Katz found one· of the bankers of the bank upon which the check was drawn and learned from him that Davis was without funds in the bank and that there was no account in the bank of that name. Katz then notified an officer, who came and arrested the appellant while he was still in the store.

The witness Lott testified that he did not sign the check and did not authorize its issuance; that he did not know the appellant and had never seen him until the time of the transaction in question.

Appellant testified that he received the check from one Evans and thought it was genuine. The appellant's position, as revealed by his testimony, is as follows: Appellant and Evans were friends and were preparing to return to their home in Cisco, Texas. They had been out of work and Evans was in debt to the appellant. They had an automobile which was parked on the street, and, while Evans went for the car, the appellant (at Evans' request) took the check to the bank to have it cashed. Out of the money gotten on the check the appellant was to receive the money which Evans owed him. Being in need of clothes, the appellant sought to use the check at the store where he was arrested.

There are no bills of exception, and the sufficiency of the evidence to support the judgment of conviction is not open to serious question.

There is a motion for new trial making some complaints of the rulings of the court, but the averments of the motion are not supported by bills of exception. Therefore, this court has no choice but to order an affirmance of the judgment of conviction, which is accordingly done.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files a vigorous motion for rehearing, insisting that we erred in affirming his case because of the fact that the judgment entered and the sentence pronounced in accordance therewith, neither followed the charge of the court nor the verdict rendered in the case. Ap-

pellant is correct. He was charged by an indictment containing three counts, two for forgery and one for attempting to pass a forged instrument. The court submitted only the one last mentioned, and the verdict of the jury was general, finding him guilty as charged. By some mistake the judgment entered adjudged appellant guilty of forgery, and he was sentenced for the period of years named in the verdict, for that offense. This error was overlooked when we rendered our original opinion.

However all matters of procedure otherwise appearing to be legal, and no error being found in the record other than this mistaken entry of judgment and sentence,-this court, under all of the precedents and authorities, should not reverse the case for such reason, but should have reformed the judgment and sentence. Robison v. State, 68 Texas Crim. Rep., 115; Holden v. State, 98 Texas Crim. Rep., 592; Ragusin v. State, 105 Texas Crim. Rep., 218; Malone v. State, 116 Texas Crim. Rep., 381; McKinley v. State, 35 S. W. (2d) 148.

The judgment of affirmance appearing in our original opinion is withdrawn, the judgment and sentence appearing in the record and in the minutes of the trial court will be corrected, and appellant will be adjudged guilty of attempting to pass a forged instrument, and the sentence will be reformed to conform thereto. As reformed the judgment will be affirmed, and the motion for rehearing overruled.

*Judgment reformed, and, as reformed, affirmed.*