EARL LEE LITCHFIELD V. STATE.

No. 26,395. May 27, 1953.
Appellant's Motion for Rehearing Denied (Without Written Opinion) June 27, 1953.

*Baldwin & Votaw*, by *E. B. Votaw*, Beaumont, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The count of the indictment upon which the case was submitted to the jury alleged that appellant, on or about September 11, 1952, in Jefferson County, Texas, ". . . did then and there unlawfully by force, threats and fraud, and at night, burglariously and fraudulently break and enter a house then and there occupied by H. T. Larvey, without the consent of the said H. T. Larvey, and with the intent then and there of him, the said Earl Lee Litchfield, to use his mouth on the sexual parts of another human being, to-wit, Frances Larvey, a woman, then and there in said house, for the purpose of having carnal copulation, against the peace and dignity of the State."

Under such indictment and the court's charge, the jury found appellant guilty of the offense of burglary of a private

residence at night with intent to commit sodomy, and assessed his punishment at ten years in the penitentiary.

Judgment having been rendered on the verdict adjudging appellant guilty ". . . of the offense of Burglary of a Private Residence at Nighttime with Intent to Commit Sodomy as found by the jury, . . ." appellant was sentenced to serve a term of ten years.

It has long been the holding of this court that an indictment charging a violation of Art. 1391 P.C. defining the offense of burglary of a private residence must allege the burglarized premises to be a "private residence." Osborn v. State, 42 Tex. Cr. R. 557, 61 S.W. 491; Williams v. State, 42 Tex. Cr. R. 602, 61 S.W. 395, 62 S.W. 1057.

Art. 1391 P.C. defining an offense declared therein to be a distinct offense from that of burglary as defined in Arts. 1389 and 1390 P.C., a conviction for the offense of burglary of a private residence at night cannot be sustained under an indictment which charges only the offense of burglary. See Crawford v. State, 127 Tex. Cr. Rep. 550, 78 S.W. 2d 623, and cases cited.

The indictment being insufficient to support the conviction, the judgment is reversed and the cause remanded.