## DALTON EASON V. STATE.

No. 26,649. November 25, 1953.

No attorney for appellant of record on appeal.

*Wesley Dice,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was charged with the offense of felony theft, and it is further set forth in the indictment that he had been twice convicted at former times of felonious offenses.

Appellant filed an affidavit of insanity, alleging not only that he was insane at the time of the commission of the main offense

but that he was also insane at the time of the trial. These matters were submitted to the jury, who found that he was not insane on the day of the alleged commission of this offense, and also that he was not insane at the time of the trial of this cause. Appellant was thus put on trial relative to the theft of property over the value of fifty dollars in the instant case, and the jury returned a verdict of guilty and assessed his punishment at confinement in the state penitentiary for a term of eight years.

The court, in entering its judgment herein, set forth, among other things, the verdict of the jury in answer to the question of insanity in both instances. The court also set forth in said judgment the verdict of the jury in the present case assessing the appellant's punishment as above stated, but in said judgment the court failed to find appellant to have been guilty of the offenses charged herein. However, in said judgment he did leave all the salient facts set forth but draws no conclusion therefrom. We, therefore, amend said judgment to show that appellant was found to be sane in both instances relative to his pleas of insanity and that appellant is also found to be guilty of the offense charged in the indictment, to-wit, theft of property over the value of fifty dollars and his punishment assessed therein at a term of eight years in the state penitentiary.

It is observed, however, that in the sentence the court correctly set forth the conviction herein and sentenced appellant to confinement in the state penitentiary for not less than two nor more than eight years in accordance with the law.

We think this matter is governed by the opinion of this court in Robison v. State, 68 Tex. Cr. R. 115, 150 S.W. 912, wherein it is said:

"This court will enter the proper judgment * * * and the clerk will write up the judgment in this court conforming it to the verdict of the jury. The statute in this State authorizes this court to correct and reform judgments."

See Article 847, Vernon's C.C.P.; McCorquodale v. State, 54 Tex. Cr. R. 344, 98 S.W. 879; also Article 766, subd. 9, Vernon's C.C.P., and annotations thereunder.

As this judgment is reformed, the same will be affirmed.