**Tony Lee RAINEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 39138.

Court of Criminal Appeals of Texas.

March 9, 1966.

Rehearing Denied May 4, 1966.

Tom Upchurch, Jr., Amarillo, for appellant.

Dee D. Miller, Patrick H. Mulloy, Jr., Asst. Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is assault with intent to rob; the punishment, five years confinement in the Texas Department of Corrections.

The corpus delicti was established through the testimony of the complaining witness, Sallie Ellis, and her husband, L. H. Ellis. Their testimony shows that two colored men entered their home in Potter County on the pretext of using the telephone, at about 10:25 p. m., on May 25, 1965. After the men were admitted to the home, both of the Ellis' were assaulted, with Mr. Ellis being knocked unconscious and Mrs. Ellis being beaten into a state of unconsciousness with the butt of a sawed-off shotgun. Sidney Vaughn, one of the perpetrators of the crime, admitted that the assault was committed with the intent to rob the Ellis', but that the money they expected to take could not be found.

Vaughn testified that he and state's witness, Linda Shell, left Ford's Cafe after nine p. m. and had gone about three or four

blocks when they met appellant and co-indictee Sammy Scott. After a brief conversation out of the presence of the Shell woman, the three men drove off in a pickup truck with appellant driving. Scott invited Vaughn to aid in the commission of a robbery, to which Vaughn assented, and the trio proceeded to the vicinity of the Ellis home. While Scott remained in the pickup, Vaughn and appellant went to the house at about 10:15 p. m., where Vaughn says he assaulted Mr. Ellis while appellant went into the room where Mrs. Ellis slept. After hearing the woman crying out, Vaughn saw appellant come out of her room, and appellant informed him that he had been unable to find the money. Both men fled on foot after they discovered that Scott had already left the scene in the pickup.

No other evidence directly places appellant at the scene of the crime. Mr. Ellis did not identify either assailant, and Mrs. Ellis identified Vaughn, and not appellant, as the one who beat her, and did not see the other intruder at all.

The state offered the following testimony to corroborate that of the accomplice witness, Vaughn.

Linda Shell corroborated Vaughn's testimony to the point where the three men left in the pickup at about 9:30 p. m.

Police Officers Ashby and Hellah established that they took appellant into custody at 10:40 p. m. about three blocks from the Ellis home as he was proceeding away from the scene of the offense. He appeared to be slowing down from a run, " * * * breathing hard enough so he couldn't talk smoothly; he had to stop and gasp and catch his breath while he was speaking," and he vomited shortly after being taken into custody. Across the street in an underpass, a shotgun was found which had a damaged stock. A piece of wood found at the Ellis home was shown to have come from that weapon. The officers also discovered footprints leading out from under the underpass and established that appellant's shoes matched these tracks.

Appellant testified that he arrived in town the day of the offense, intending to visit the hospital bed-side of an old friend, Maxine Scott, whom he thought was giving birth that day in Northwest Hospital. He was arrested in the vicinity of Northwest Hospital.

Maxine Scott testified that she was really Maxine Thomas, who had been living with co-indictee Scott for two years. Her baby was born in St. Anthony's Hospital.

The credibility of both appellant and Vaughn was impeached by evidence of previous convictions for felony offenses, and appellant was also shown to have been convicted of a misdemeanor worthless check charge, from testimony elicited on direct examination by his own counsel.

It is appellant's contention that a verdict for him should have been directed by the trial court because the testimony of the accomplice, Vaughn, was not sufficiently corroborated by other evidence tending to connect appellant with the offense.

■■ Appellant was shown to have been with accomplice witness Vaughn less than an hour before the assault. He was arrested in the vicinity of the crime only minutes after its occurrence, and under circumstances tending to show he had been running away from the direction of the Ellis house. A shotgun used in the assault was found across the street from where he was arrested. Footprints matching his shoes led away from the underpass under which the shotgun was abandoned. The law forbidding a conviction upon the uncorroborated testimony of an accomplice does not demand that there be direct evidence pointing to the accused as the offender, but merely requires that there be "other evidence tending to connect the defendant with the offense committed." Art. 718 Vernon's Ann.C.C.P. Under the principles set out in Cawley v. State, Tex.Cr. App., 310 S.W.2d 340; and Minor v. State,

**608**

108 Tex.Cr.R. 1, 299 S.W. 422, these circumstances are sufficient to connect appellant with the commission of the offense.

 It is true that the complaining witness denied that appellant was her assailant and identified Vaughn, the accomplice witness, as the man who beat her, while Vaughn testified that appellant administered the beating. The jury was properly charged on the law of principals, and regardless of how this conflict of testimony was resolved, the evidence is sufficient to sustain the conviction.

 The jury's verdict and the sentence read that appellant was found guilty of assault with intent to rob. The judgment shows that appellant was found guilty of the offense of forgery. The judgment is reformed to reflect that appellant is guilty of the offense of assault with intent to rob.

As reformed, the judgment is affirmed.