**Jerry C. WATTS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41398.**

Court of Criminal Appeals of Texas.

July 10, 1968.

D. C. Gandy, Fort Worth (Court Appointed), for appellant.

Frank Coffey, Dist. Atty., Rufus J. Adcock, Wayne E. Roberts and William A. Knapp, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The offense is burglary; the punishment, enhanced under Art. 62, Vernon's Ann.P.C., by reason of a prior conviction for an offense of like character, twelve years.

The indictment, drawn under Art. 63, P. C., after charging the primary offense of burglary, alleged in separate paragraphs two prior convictions of the appellant for felonies less than capital.

In paragraph #2, a prior conviction for burglary in 1963 in the State of Louisiana was alleged. Paragraph #3 alleged a prior conviction, also for burglary, in the same state in the year 1962.

A motion to suppress all evidence regarding the two prior convictions was filed by appellant, and after a hearing in the jury's absence the state moved to abandon the third paragraph of the indictment and proceed under the second paragraph charging the one prior conviction for burglary in 1963.

Such motion was by the court granted and, following the jury's verdict of guilty of the primary offense, the issue of appellant's punishment was submitted to the jury under Art. 62, P.C.

In his first ground of error appellant insists that the evidence is insufficient to sustain the conviction, with enhanced punishment, for three reasons.

■ It is first contended that the conviction with punishment enhanced under Art. 62, P.C., cannot be sustained because there was no allegation in the indictment that the prior conviction set forth in paragraph #2 was for an offense of like character or one of the same nature as the primary offense of burglary. Granado v. State, 168 Tex.Cr.R. 525, 329 S.W.2d 864, is cited in support of the contention.

In Fairris v. State, 171 Tex.Cr.R. 416, 350 S.W.2d 935, this court overruled its holding in Granado that the failure to allege that the two offenses were of like character or of the same nature was fatal to the state's pleadings when the offenses alleged were, as a matter of law, the same offense or of the same nature.

There can be no doubt in the instant case that the primary offense of burglary alleged in the indictment and the alleged prior conviction for burglary are of like character and of the same nature.

Schmeideberg v. State, Tex.Cr.App., 415 S.W.2d 425, also cited by appellant, is not here controlling, because in that case the question presented was whether a prior conviction for "burglary," in the absence of any other allegations, was for the same offense or one of the same nature as robbery by assault.

Appellant also insists that the state's proof of his prior conviction in Louisiana for "simple burglary" cannot support enhancement of the punishment because there was no proof that a person could be tried and convicted of a felony in that state upon information; further, that there was no proof that the crime of "simple burglary" is a felony in the State of Louisiana or that it is one of the same nature as the offense of burglary in this state.

■ Contrary to appellant's contention, the state did make proof by the introduction in evidence of portions of the Louisiana Code of Criminal Procedure which show (Art. 382) that except for offenses which may be punished by death "Other criminal prosecutions in a district court shall be instituted by indictment or by information." The evidence presented by the state further shows that on October 18, 1963, appellant was convicted in the 17th Judicial District Court of Terrebonne Parish, Louisiana, of the offense of simple burglary and sentenced to a term of three years in the Louisiana state penitentiary. In the absence of a showing to the contrary, it will be presumed that the laws of a sister state are the same as this state.

There is no question of a variance as in Melancon v. State, Tex.Cr.App., 367 S. W.2d 690, cited by appellant. The state's proof of appellant's prior conviction in the State of Louisiana of "simple burglary" with punishment assessed at a term in the penitentiary is sufficient to show that it was for a felony and of the same nature and of like character to the primary offense of burglary charged in the indictment.

The ground of error is overruled.

In his second ground of error, appellant insists that the court erred in overruling

two motions for mistrial made by him during the trial.

The first motion was based upon the court's action in admitting in evidence over appellant's objection state's exhibit #6, which was a .22 calibre fully loaded pistol, taken from his person at the time he was placed under arrest at the scene of the burglary. Appellants' objection was on the ground that the gun was taken from him while under an unlawful arrest.

We perceive no error, as the facts and circumstances hereinafter stated show that an offense was being committed in the officer's presence—which authorized appellant's arrest by the officer without a warrant, under the provisions of Art. 14.01, Vernon's Ann.C.C.P.

The pistol was properly admitted in evidence as a part of the res gestae.

The second motion for mistrial followed a statement by state's counsel in his argument to the jury on the issue of punishment, while referring to certain records introduced in evidence, that appellant had a previous criminal record "That was back in 1963."

While the remarks appear to have been proper, the careful trial judge instructed the jury not to consider any prior criminal record of the appellant except the one referred to in the court's charge. We perceive no reversible error or injury to appellant, especially in view of the mandatory punishment of twelve years to be assessed against him under the jury's verdict finding that he had been previously convicted of the felony offense alleged in paragraph #2 of the indictment.

Appellant's ground of error #3 complains of the court's action in overruling his objections to the charges given to the jury.

Two objections were made to the charge on guilt or innocence.

The first objection was to paragraph #8, which advised the jury of the punishment for burglary, on the ground that such instruction was immaterial and permitted the jury to consider a minimum term in the penitentiary "as having a bearing on the issue of guilt."

While the case was tried after the 1967 amendment of Art. 37.07, C.C.P., which eliminated the requirement that such an instruction be given, we conclude that the giving of the instruction was not calculated to injure the rights of appellant or deny him a fair trial, and therefore does not call for a reversal of the conviction. Art. 36.19, C.C.P.

The second objection was to that portion of the charge on principals on the ground that there was no evidence authorizing such an instruction.

We find the facts sufficient to authorize a charge on principals.

To the court's charge on punishment appellant objected, on the ground that the evidence was insufficient to warrant submission to the jury of the issue of whether he had been previously convicted of the offense of burglary, alleged in the second paragraph of the indictment, because there was no evidence that the offense of "simple burglary" in Louisiana was a felony.

The disposition which we have heretofore made of appellant's ground of error #1 overrules this objection.

We overrule appellant's remaining ground of error, #4, which insists that the evidence is insufficient to sustain the conviction.

Briefly, the state's proof shows that on the night in question officers went to a building in the city of Euless as the result of a burglar alarm signal. After they arrived, appellant was found lying face down on the roof some ten or fifteen feet from a hole where the false ceiling inside had been pushed down. At such time appellant was wearing a pair of brown cotton work gloves and was armed with a fully loaded .22 calibre pistol. He was described as

being "in a nervous state" and when told to place his hands behind him he made an "evasive move." Another man, Jackie Deese, was found inside the building. Two bags were also found in the building, one containing some "burglary tools" and the other containing items from the store, including radios, electric razors, cigarette lighters, and necklaces. Appellant and Deese were both arrested at the scene. An automobile located by the officers in a field some three-quarters of a mile from the building contained various papers with the name of appellant and Deese thereon. It was shown that neither appellant nor Deese had permission of the owner of the building to enter and remove any merchandise therefrom.

The evidence clearly shows a burglary of the building and, under the law of principals as given in the court's charge, is sufficient to support the conviction of appellant of the offense charged.

The judgment is affirmed.