Cornelio **CASTANEDA**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 45967.**

Court of Criminal Appeals of Texas.

Feb. 21, 1973.

Rehearing Denied April 11, 1973.

James M. Beauchamp, Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough and Brent Graham, Asst. Dist. Attys., Houston, Jim D. Vollers, State's

Atty. and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal stems from a conviction for burglary of a private residence at nighttime with intent to commit theft where the punishment, enhanced under Article 63, Vernon's Ann.P.C., was assessed at life.

In two grounds of error, the appellant challenges the sufficiency of the evidence.

Raul Mendiola testified that on March 7, 1971, he lived at 1513 Hickory in the City of Houston with his wife and two children. On that date about 9 p. m., he left his work at the Shamrock-Hilton Hotel and returned to his residence as a result of a telephone call from his wife. When he arrived home, he found the appellant in custody of the police there and his radio and television set on the front porch. He observed that a front window of his house had been forced open to gain entry. He testified he did not know the appellant and had not given him permission to break and enter his house or take any items therefrom.

P. G. Eagins, who lived in an attached apartment, apparently a duplex, testified that a man came to his house about 8 p. m. on the night in question and knocked on his door. The man was wearing dirty clothes and needed a shave. He was told to leave by Eagins. Shortly thereafter, Eagins observed the man knocking on the door of the Mendiola house, and then saw him remove the screen from a window of the house and enter. Eagins then crossed the street to a house where Mrs. Mendiola was visiting and told her to call the police. When he returned to the Mendiola house, he saw the man coming out of the window with a radio and television set. He unsuccessfully remonstrated with the man about his actions and when the man would not put the items down Eagins struck the man with a baseball bat. The man dropped the radio and television set and fled.

Shortly thereafter, the police arrived and chased the man and apprehended him and returned him to the Mendiola house. Eagins related that the man so apprehended was the same man he saw break and enter the Mendiola house. He was unable, however, to make an in-court identification of the appellant.

Houston Police Officer Hudson and his partner, Officer Crowson, responded to a call made on the night in question and, upon arriving at 1513 Hickory, found Eagins hollering and pointing to a man who was running. The officers gave chase and never lost sight of him. They apprehended him and found him bleeding on the left side of his head. Hudson identified the appellant as the man he apprehended and returned to the Mendiola house, and as the man in whose left front pocket he found a bottle of red capsule-type pills which Mrs. Mendiola identified as hers.

■ The appellant strongly relies upon the failure of Eagins to make a positive in-court identification of him. Eagins did, however, testify the man apprehended by the police was the man he observed committing the burglary. The man apprehended was identified as the appellant by both Mendiola and Hudson. Further, it is well settled that where the evidence shows the burglary of a house by someone, the accused's unexplained possession of some or all of the property stolen from such house is sufficient to sustain a conviction. 4 Branch's Ann.P.C., 2d ed., § 2537, p. 866; 10 Tex.Jur.2d Burglary §§ 87–92, pp. 247–258; Beard v. State, 458 S.W.2d 85, 87 (Tex.Cr.App.1970); Calhoun v. State, 466 S.W.2d 304, 306 (Tex.Cr.App.1971), and cases there cited. See also Martinez v. State, 484 S.W.2d 706 (Tex.Cr.App.1972). The appellant here was found in unexplained possession of part of the stolen property.

Considering the evidence in light most favorable to the jury's verdict, we deem it sufficient to support the verdict.

Lastly, appellant contends that a void prior burglary conviction was alleged and introduced at the penalty stage of the trial for the purpose of enhancement. He urges that the 1959 burglary conviction is void since the sentence introduced is silent as to counsel.

 The record reflects that on January 5, 1959, the appellant entered a plea of guilty before the court to the offense of burglary with intent to commit theft. The judgment reflects that he was represented by "P. Navarro." On the same day the time in which to file a motion for new trial or in arrest of judgment was waived and sentence imposed. It is true that the sentence is silent as to counsel.

Gutierrez v. State, 456 S.W.2d 84 (Tex. Cr.App.1970), however, has been decided adversely to appellant's claim. There this court wrote:

"The recitation in the judgments that appellant was represented by counsel is binding upon him in the absence of direct proof to the contrary. It would be unlikely for appellant to have had counsel at the time of the judgment and not at the time of the sentence when both were on the same day after a plea of guilty had been entered and the time allowed for filing a motion for new trial waived. In such cases the trial is usually in one proceeding.

"Under such facts, absent a showing to the contrary, it will be presumed that appellant had counsel when he was sentenced."

See also Tinsley v. State, 461 S.W.2d 605 (Tex.Cr.App.1971).

While appellant objected to the introduction of the prior conviction on the ground now advanced, he offered no evidence to show he was actually without counsel at the time of sentencing.

Appellant's contention is denied.

Appellant's pro se brief has been considered and the contentions there advanced are found to be without merit.

We do observe that the judgment and sentence erroneously reflect that the appellant was convicted of burglary with intent to commit theft rather than burglary of a private residence at nighttime with intent to commit theft as charged in the indictment and as found in the jury's verdict. The judgment and sentence are hereby reformed to reflect the proper offense for which conviction was had.

As reformed, the judgment is affirmed.