Freddie Ray THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 50478.

Court of Criminal Appeals of Texas.

July 23, 1975.

Charles M. Burdeaux, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Alvin M. Titus and Ned Morris, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from an order revoking probation.

On August 5, 1970, appellant entered a plea of guilty to an indictment charging him with the offense of burglary of a private residence at night with the intent to commit a felony. Punishment was assessed at five years, but the imposition of sentence was suspended and appellant was placed on probation.

The record reflects that after a hearing on the State's motion on May 24, 1974, the court entered an order revoking appellant's probation finding that appellant had violated the terms of his probation by committing the offense of theft on March 2, 1974.

At the outset, we are confronted with the problem of whether the primary conviction was void. Appellant entered a plea of guilty to an indictment charging him with burglary of a private residence at night with intent to commit a felony, "to-wit, felony injuring property, to-wit, with the intent then and there to wilfully injure certain personal property belonging to the said Glenda Thomas, without the consent of the said Glenda Thomas, the extent of injury so inflicted being then and there of the value of one hundred dollars." See Arts. 1391 and 1350, Vernon's Ann.P.C. (1925).

The judgment recited that appellant was charged by indictment with the "felony offense of Night Time Burglary with intent to injure personal property" and found that appellant was guilty of "the offense of Night Time Burglary with intent to commit personal property a felony."

Clearly, the judgment does not reflect a conviction for the crime charged in the indictment. If it be urged that the judgment reflects a conviction for the offense of burglary, this Court has held that a conviction for burglary as defined in Arts. 1389 and 1390, V.A.P.C. cannot be supported by an indictment charging burglary of a private residence at night, the offenses being separate and distinct. *Bowie v. State,* Tex.Cr.App., 401 S.W.2d 829; *Pierce v. State,* Tex.Cr.App., 401 S.W.2d 238.

We next look to see if the judgment may be reformed and corrected to reflect a conviction supported by the record. See Art. 44.24, Vernon's Ann.C.C.P. The record before us does not contain a transcription of the court reporter's notes of the evidence at the trial of the primary offense; however, there is a "stipulation of evidence" in the record sworn to by appellant, bearing the signature of his counsel and approved by the court. It recites that appellant on the occasion in question ". . . did by force, threats and fraud, and at night, enter a house, it being the private residence of Glenda Thomas and being occupied and actually used by him as a place of residence with the intent to fraudulently take from said house personal property belonging to him from his possession without his consent and with the intent to deprive him of the value of the same and to appropriate it to my own use and benefit." Assuming that the stipulation was introduced into evidence, it is noted that it recites the elements of burglary of a private residence at night with intent to commit theft while the indictment charges burglary of a private residence at night with the intent to wilfully injure personal property of the value of one hundred dollars. The docket sheet reflects that the offense is "night time burglary with intent to injure personal property." [1]

---

1. Under Arts. 1389, 1390 and 1391, V.A.P.C. (1925), it should be noted that the entry denounced in the burglary statutes is with the intent to commit a felony or the crime of theft. Under Art. 1350, V.A.P.C. (1925), wil-

ful injury of property or attempt to injure or destroy property is not a felony unless the property "is of the value of Fifty ($50.00) Dollars, or over."

The judgment does not reflect a conviction for an offense charged in the indictment, nor will the record support a reformation of the judgment to conform to the indictment. We find the conviction in the primary offense to be void.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.