Jimmy Dwain MORGAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 50839.

Court of Criminal Appeals of Texas.

Jan. 21, 1976.

Rehearing Denied Feb. 18, 1976.

Benny J. Lowe, Odessa, for appellant.

James A. Mashburn, Dist. Atty., and Jack K. Wall, Asst. Dist. Atty., Midland, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary with intent to commit theft under Article 1389, V.A.P.C.; the jury assessed punishment at nine years.

In view of our disposition of this case, a recitation of the facts is not necessary. Appellant's third ground of error challenges the admissibility of a pen packet from Ohio. The Ohio prison papers were offered at the punishment phase of the trial as proof of appellant's prior criminal record under Article 37.07, V.A.C.C.P. Prior to the punishment hearing the State withdrew the enhancement portion of the indictment. Over appellant's timely and specific objection, the papers were introduced into evidence as State's exhibit No. 16.

Appellant contends the papers were not properly certified under Article 3731a, Sec. 4, V.A.T.S. made applicable to criminal trials under Article 38.02, V.A.C.C.P. The applicable statute provides in part:

". . . Except in the case of a copy of an official writing or official electronic recording from a public office of this State or a subdivision thereof, the attestation shall be accompanied with'a certificate that the attesting officer has the legal custody of such writing . . ."

The Ohio papers were accompanied by a certificate as follows:

"I, Robert L. Baker swear that the enclosed copies are of the originalls [sic] received by me and that they are the true and accurate and certified.

s/Robert L. Baker _____
Robert L. Baker
Supervisor
Record Department"

The certificate was sworn to before a notary public in Warren County, Ohio. There is nothing in the record to indicate that Mr. Baker is an employee of the prison system of Ohio. The record does not contain a certificate from a judge in the county where the prison is located or from the clerk of a court in that county. There is nothing to indicate that the papers were received from the legal custodian of the records in Ohio.

We find the Ohio papers were not authenticated in compliance with Article 3731a, Sec. 4, V.A.T.S., and were improperly considered by the jury in assessing appellant's punishment. See and compare *Kanaziz v. State*, Tex.Cr.App., 382 S.W.2d 485.

The judgment is reversed and the cause remanded.