**Donald Ray SHERMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51699.**

Court of Criminal Appeals of Texas.

June 9, 1976.

Jerry W. Jones, Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., Ronald D. Hinds, Les Eubanks and R. Gary Noble, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for burglary. Punishment was assessed by the jury at ten years.

The indictment alleged that the offense occurred on or about October 17, 1973, and the record reflects that trial was in June, 1975.

In his first two grounds of error, complaint is made by appellant of the court's action in overruling his objections to portions of a penitentiary packet admitted into evidence at the punishment stage of the trial.

A penitentiary packet from the State of California reflecting that appellant had been convicted of "Burglary 2nd Degree" in 1970 was admitted into evidence. The pertinent portion of the certificate accompanying the packet reads:

". . . I have in my custody the records pertaining to DONALD R. SHERMAN, and these records show that DONALD R. SHERMAN was received at the California Department of Corrections on 10–7–70, under Committment [sic] # 14180 from the Superior Court of Kern County for the offense of Burglary 2nd Degree, a violation of Section 459 of the California Penal Code, that his term as prescribed by law was 6 months to 15 years, *that on 3–16–71, he appeared before the California Adult Authority at which time further parole consideration was postponed until the March 1972 Calendar, that on 3–26–71, he was transferred to the California Institution For Men, Chino, California, and that on 7–12–71, he was missing from the California Institution For Men, Chino, California.*" [Emphasis supplied.]

Appellant's initial contention is directed to the court's action in overruling his objection to the admission into evidence of that portion of the certificate which reflects that ". . . on 7–12–71, he was missing from the California Institution For Men, Chino, California."

Article 37.07, V.A.C.C.P., as it relates to the punishment hearing of the trial, provides:

"Sec. 3. Evidence of prior criminal record in all criminal cases after a finding of guilty.

"(a) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged."

In *Mullins v. State,* 492 S.W.2d 277, this Court held that Art. 37.07, supra, does not permit the State to show extraneous offenses not resulting in final convictions.

Appellant urges that the complained-of statement had the effect of informing the jury that appellant had committed the extraneous offense of escaping from prison. The State responds by arguing that the term "missing" is not synonymous with "escape" and that "escape" could only be considered as one of the many possible reasons for a person being "missing." We note that the certificate gives no further explanation as to appellant's ultimate whereabouts, stating only that "on 7–12–71, he was missing from the California Institution For Men, Chino, California." While we agree that the two words are not synonymous, the fair import of the word "missing," when used in the context before us, is that appellant had escaped from prison.

The State urges that appellant injected "escape" before the jury when appellant argued at the punishment stage of the trial that the report which showed appellant was missing from prison indicated that he had escaped, that the jury should assess a short term, and appellant could be turned over to the California authorities. In light of this argument, the State urges that if any prejudice existed by virtue of admission of the complained-of evidence, it was as the result of appellant's trial tactic in his argument to the jury. The initial harm came when the complained-of portion of the certificate was admitted into evidence and appellant cannot be deprived of his right to complain of same because he ultimately attempted to overcome the prejudicial effect of same in his argument to the jury.

■ We are not persuaded by the State's argument that the admission of the com-

plained-of evidence was harmless error in light of the overwhelming evidence of appellant's guilt. At this stage of the trial guilt had already been determined. One prior conviction (burglary in California) was shown. The punishment assessed by the jury was ten years, two years short of the maximum punishment provided by law for the offense. Under these circumstances, we cannot characterize the error in the admission of the complained-of evidence harmless.

Appellant also complains of the admission over his objection of the statement in the certificate that he appeared before the California adult authority on 3–6–71, at which time further parole consideration was postponed until "the March 1972 Calendar."

 Whatever action that might have been taken with regard to appellant's parole, whether consideration of same was postponed or the parole denied, such evidence was not admissible under 37.07, V.A. C.C.P. In light of our disposition of the first ground of error, we need not determine whether the error in admission of same was so prejudicial to appellant as to require reversal. At the very least, it served to compound the harmfulness of the error previously discussed.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.