Leon AARON, Appellant,

v.

The STATE of Texas, Appellee.

No. 51044.

Court of Criminal Appeals of Texas.

June 16, 1976.

Dissenting Opinion On State's Motion for
Rehearing Feb. 16, 1977.

Ramie H. Griffin, Jr. (on appeal only), Beaumont, for appellant.

Tom Hanna, Dist. Atty. and Lawrence E. Thorne, III, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for the offense of burglary (habitual). Trial was before a jury and the jury, having found appellant guilty of burglary and of having been twice previously convicted of felonies less than capital, assessed his punishment at life in prison. The primary offense took place on February 17, 1973 and trial commenced on July 8, 1974.

All of appellant's grounds of error are directed toward the Louisiana penitentiary packet introduced to prove the first enhancement count of the indictment.

Appellant first complains that the "pen packet" is not properly certified under Art. 3731a, Sec. 4, V.A.C.S., since it is attested to by the Secretary of State of Louisiana and not by a "judge of a court of record of the district or political subdivision in which the record is kept." Section 4 of Art. 3731a makes it clear that certification of such papers by a judge is *permitted*, but is by no means mandatory. It also provides, "Such writings . . . may be evidenced . . . by a copy . . . attested by the officer having the legal custody of the record . . . ." In this case, the Louisiana Secretary of State certified to the identity of the warden and the records clerk of the Louisiana State Penitentiary. The records clerk certified that he was the legal custodian of the records and that the copies admitted at trial were true and exact copies. We find that the pen packet was properly certified for admission as evidence. Cf. *Morgan v. State*, Tex.Cr.App., 532 S.W.2d 85 (1976).

Appellant makes a more serious attack on the admission of three letters in the pen packet which alluded to convictions other than that for which the packet was offered. One such letter, dated May 21, 1961, recited that appellant had been convicted and sentenced on three separate thefts or burglaries, none of which was the conviction alleged in the indictment for enhancement. The other two letters, dated January 23, 1962, relate to the prior conviction alleged, but add that appellant's three-year sentence thereon was to run consecutively with the remainder of the sentence from which he was paroled. This is an obvious reference to the concurrent sentences for burglary or theft that appellant had received the year before.

These extraneous convictions were not alleged for enhancement in the indictment. Yet they are proper subjects for proof at the punishment stage of the trial under Art. 37.07, V.A.C.C.P. *Burton v. State*, 493 S.W.2d 837 (Tex.Cr.App.1973). However, proof of such convictions cannot be satisfied by mere references thereto contained in letters in appellant's pen packet. A conviction in *Mullins v. State*, 492 S.W.2d 277 (Tex.Cr.App.1973) was reversed because the defendant's pen packet, which was introduced at his trial to prove his prior record under Art. 37.07, included an instrument containing the details of the Arkansas convictions for which the packet was offered, an extraneous offense, and two California offenses, only one of which appeared to have resulted in a conviction. Since Art. 37.07 limits the proof at the punishment stage to prior final convictions, admission of evidence of the details of the offenses and of other, non-final convictions was reversible error. See also *Lege v. State*, 501

S.W.2d 880 (Tex.Cr.App.1973); *Sherman v. State*, 537 S.W.2d 262 (1976). Likewise, the record in the instant case does not support the conclusion that the offenses to which the letters referred were final convictions.

■■■■ The pen packet also contained certified copies of the informations and the sentences for the three extraneous offenses. Although these documents were all attested to on the same date, the informations show no cause numbers to correspond to those on the sentences. Moreover, the bills of information charge three separate burglary offenses, but the minutes of the court show the three sentences to be for theft offenses. A variance such as this would render a Texas conviction void. *Thomas v. State*, 525 S.W.2d 172 (Tex.Cr.App.1975); *Gooden v. State*, 140 Tex.Cr.R. 351, 145 S.W.2d 179 (1941); *Litchfield v. State*, 159 Tex.Cr.R. 5, 259 S.W.2d 228 (1953); *Ex parte Dies*, 160 Tex.Cr.R. 468, 272 S.W.2d 373 (1954). Finally, the pen packet contains no judgments upon which sentences for the three offenses can be based. "The absence of a judgment invalidates a sentence, and without a sentence no final conviction has resulted from the trial." *Morgan v. State*, 515 S.W.2d 278 (Tex.Cr.App.1974). A conviction that is not final cannot be used at the punishment stage of a trial under Art. 37.07, Sec. 3(a), V.A.C.C.P. *Morgan v. State*, supra.

■■■■ The pen packet introduced to establish the convictions used for enhancement also contained evidence of extraneous offenses not shown to be valid final convictions. The error cannot be characterized as harmless. *Sherman v. State*, supra. The judgment of the trial court will be reversed and the cause remanded.

■■■■ In the event of a retrial, we call attention to another fatal variance. The indictment charged appellant with having previously been convicted of "attempted burglary" in Cause No. 17686 on January 22, 1962 in the Tenth Judicial District Court of Natchitoches Parish, Louisiana. The sentence shown for the prior conviction was for "simple burglary." In addition to the need for a judgment of conviction for the offense, discussed above, the allegations and proof would appear to reflect a fatal variance.

For the foregoing reasons, the judgment is reversed and the cause remanded.

DOUGLAS, Judge, dissenting on Motion for Rehearing.

A majority of the Court overrules the State's motion for rehearing without written opinion even though the proof shows that appellant was properly assessed punishment at life as an habitual criminal and no reversible error is shown. The majority does not give full faith and credit to a Louisiana conviction.

The opinion on original submission holds that a prior Louisiana conviction could not be used for enhancement because appellant was charged with "attempted burglary" and was convicted for simple burglary. This is done even though the sentence shows he was convicted for the offense as charged which was attempted burglary. It also holds that it was reversible error at the penalty stage of the trial to admit into evidence parts of the Louisiana prison records.

Two prior convictions for felonies less than capital were alleged and proved. The Texas prior conviction was admitted without objection.

The information alleging the prior Louisiana conviction in question is as follows:

"The said Leon Aaron on the 22nd day of January, A.D., 1962, was duly and legally convicted of the offense of Attempted Burglary, a felony, in the Tenth Judicial District Court of the Parish of Natchitoches, State of Louisiana, in Cause No. 17686 on the docket of said court, styled The State of Louisiana vs. Leon Aaron, and which said court had jurisdiction of said offense of Attempted Burglary, a felony."

From the records from the Louisiana State Penitentiary, a certified copy of the sentence is as follows:

"17686 State of Louisiana –vs– Leon Aaron (CM; Age 18) (Simple Burglary). Now comes the State through the

District Attorney and comes the defendant in custody of the Sheriff and accompanied by counsel, Mr. W. Peyton Cunningham, Jr. The defendant through counsel announced to the Court that he withdraws his former plea of Not Guilty and now *enters a plea of Guilty as charged*; whereupon the Court ordered that the plea be changed and entered. It was thereupon ordered by the Court and it is the judgment and sentence of the Court that the defendant be remanded to the custody of the Sheriff and by him safely kept until such time as he can be transported to the State Penitentiary at Angola, Louisiana and there delivered to the Warden or Superintendent of said Penitentiary and by him confined therein at hard labor for a period of Three (3) years and let this sentence run consecutively with the sentence he is now on parole from.

"Whereupon District Court adjourned until January 23rd, 1962 at 10:00 o'clock A.M.

Approved January 25, 1962
/s/ L. P. Stephens
L. P. Stephens
Judge, 10th D.C.La."
(emphasis added)

The sentence recites that he entered a plea of guilty as charged. Apparently the statement "(Simple Burglary)" is a clerical error. See *Ex parte Strey*, 28 S.W. 811, (Tex.Cr.App., 1894). It is at least such an error that could be reformed on appeal in Texas under Article 44.24, V.A.C.C.P. When a judgment could have been reformed on appeal or by nunc pro tunc proceedings it cannot be attacked collaterally

on a subsequent appeal if it has been used for enhancement purposes. See *Hughes v. State*, 493 S.W.2d 166 (Tex.Cr.App.1973).

It is presumed that the law of Louisiana is the same as Texas. *Almand v. State*, 536 S.W.2d 377 (Tex.Cr.App.1976); *Watts v. State*, 430 S.W.2d 200 (Tex.Cr.App.1968); *Melancon v. State*, 367 S.W.2d 690 (Tex.Cr. App.1963). Absent proof that the law is otherwise, the judgment could have been reformed in Louisiana. See McCormick and Ray, Evidence, Section 99, page 131, and pocket parts therein.[1]

The majority should follow the time honored rule and hold that the Louisiana law is presumed to be the same as Texas law concerning reformations of sentences where the record definitely shows that he was convicted as charged which was done in this case.

In *Skaggs v. State*, 167 Tex.Cr.R. 254, 319 S.W.2d 310 (1958), the conviction was for the subsequent offense of driving a motor vehicle upon a public road while intoxicated. The judgment in the prior misdemeanor conviction did not name the offense, but it did reflect that the defendant was found guilty as charged. This Court held that the judgment read in connection with the information sufficiently showed the offense for which the accused was convicted.

When this Court has the necessary information before it for reformation, the sentence appealed from may be reformed on appeal. *Lee v. State*, 516 S.W.2d 151 (Tex. Cr.App.1974); *Johnson v. State*, 478 S.W.2d 442 (Tex.Cr.App.1972); *Faugh v. State*, 481 S.W.2d 412 (Tex.Cr.App.1972).

As far back as 1884, in *Ex parte Strey*, supra, this Court refused Strey's application

---

1. If any member of the majority could have the mistaken belief that the presumption that laws of another state are the same as that of Texas applies only to substantive law, he only has to look to the application of such use of a presumption on procedural matter in cases set out below.

*Ex parte Parker*, 390 S.W.2d 774 (Tex.Cr.App. 1965), held that in absence of proof that law of Kansas permitted prosecution of offense of burglary and larceny by information, it would be assumed that prosecution for such offense

upon information was not authorized, and therefore extradition to Kansas to answer such charge by information would not be granted. For holdings to the same effect see *Ex parte Drennan*, 417 S.W.2d 177 (Tex.Cr.App., Washington, 1967); *Ex parte Ivy*, 419 S.W.2d 862 (Tex.Cr.App., Washington, 1967), and *Ex parte Krarup*, 422 S.W.2d 173 (Tex.Cr.App., California, 1967).

(The law has been changed in Texas so that most of the felony cases can be prosecuted by information. Article 1.141, V.A.C.C.P.)

for writ of habeas corpus wherein it was alleged that the indictment had charged him with the offense of "attempt at arson" but the sentence showed that he had been sentenced for the offense of "arson." The Court held this to be either ". . . a mistake of the judge or the clerk in writing up the sentence, . . ." and stated that such error could be corrected since it could readily be determined from the record the offense for which he was convicted and sent it back to the trial court for correction.

Then, in *Robison v. State*, 68 Tex.Cr.R. 115, 150 S.W. 912 (1912), the judgment on appeal stated that Robison had been convicted of murder in the first degree and his punishment assessed at life imprisonment. In affirming his conviction, the Court conformed the judgment to the verdict of the jury, death, holding ". . . this court will enter the proper judgment—that is, one that should have been entered in the court below—and the clerk will write up the judgment in this court conforming it to the verdict of the jury, which was the death penalty. The statute in this state authorizes this court to correct and reform judgments." Likewise, in *Ragusin v. State*, 105 Tex.Cr.R. 218, 288 S.W. 209 (1926), the Court reformed the judgment wherein it was stated that the defendant had been convicted for a "violation of the liquor law", there being no such offense known to the laws of the state, to read "selling intoxicating liquor" as charged in the indictment. The verdict of the jury found the defendant guilty as charged. See also *Harris v. State*, 121 Tex.Cr.R. 177, 53 S.W.2d 48 (1932), and the discussion by Judge Lattimore on motion for rehearing.

Other examples of reformation by this Court include *Sanders v. State*, 145 Tex. Cr.R. 534, 170 S.W.2d 477 (1943), wherein Sanders had been charged by indictment with "theft of property of more than the value of $50.00" and the jury found him guilty as charged, but the judgment and sentence referred to the offense as "burglary." The Court reformed them to read "theft of property of more than the value

of $50.00" and affirmed. In *Childress v. State*, 268 S.W.2d 201 (Tex.Cr.App.1954), a judgment for "unlawfully transporting of intoxicating liquor" was reformed to "unlawful possession of intoxicating liquor." In *Yeagin v. State*, 400 S.W.2d 914 (Tex.Cr. App.1966), "robbery by firearms" was reformed to "robbery", and in *Rainey v. State*, 401 S.W.2d 606 (Tex.Cr.App.1966), the judgment read "forgery" and based on the record before this Court was reformed to read "assault with intent to rob." See also *Castaneda v. State*, 491 S.W.2d 885 (Tex.Cr.App.1973), where judgment and sentence read "burglary with intent to commit theft" was reformed to read "burglary of a private residence at nighttime with intent to commit theft." *Harris v. State*, 471 S.W.2d 390 (Tex.Cr.App.1971), involved the reformation of "guilty of the offense of burglary with intent to commit theft" to "attempted burglary." In *Antwine v. State*, 518 S.W.2d 830 (Tex.Cr.App.1975), the sentences stated that the convictions were for the offense of rape and we reformed them to read "burglary of a habitation" as stated in the judgments. In *Jones v. State*, 532 S.W.2d 596 (Tex.Cr.App.1976), we held the proof insufficient to sustain a conviction for "burglary of a habitation" and based on the evidence in the record before us reformed the judgment to read "burglary of a building."

This Court has held in many more cases that a sentence or judgment can be reformed. The majority has not answered the discussion of the presumption set out above and why it does not apply in this case.

The majority is, in effect, saying we can make our sentences speak the truth and show for what offense a defendant has been convicted and that Louisiana cannot. What is happening to our presumption of law doctrine? What is the majority doing to the doctrine that Texas should give full faith and credit to judgments of another state especially where such judgment or sentence would be good in Texas? See *Bennett v. State*, 476 S.W.2d 281 (Tex.Cr.App.

1972), where Bennett attacked an Oklahoma judgment and this Court gave it full faith and credit in a revocation of probation proceeding.

The majority holds that the State did not show that the complained of conviction was final. When the certified copy of the sentence was introduced, there was a prima facie showing that it was final. In the present case the sentence was made part of the Louisiana prison packet and it referred to the judgment. The certificate from the clerk recited that *only the sentence* was included.

If the conviction had been set aside the burden was on appellant to show that fact. *Ashley v. State*, 527 S.W.2d 302 (Tex.Cr. App.1975); *Carter v. State*, 510 S.W.2d 323 (Tex.Cr.App.1974); *Lewis v. State*, 501 S.W.2d 88 (Tex.Cr.App.1973); *Gardner v. State*, 486 S.W.2d 805 (Tex.Cr.App.1972); *Babcock v. State*, 473 S.W.2d 941 (Tex.Cr. App.1971); *Arnold v. State*, 127 Tex.Cr.R. 89, 74 S.W.2d 997 (1934). In this case appellant has failed to meet that burden.

The majority's holding to the effect that a judgment must be included in the record to prove a conviction is incorrect. In *Jones v. State*, 449 S.W.2d 277 (Tex.Cr.App.1970), only the sentence, which referred to the judgment, was introduced. Jones contended that the judgment had to be introduced to prove the final conviction. Judge Onion wrote:

> "In the absence of a showing to the contrary it is to be presumed that the sentence was based upon a judgment and the court acted in accordance with the law. . . ."

The Court noted that it would be a better practice to obtain and introduce a certified copy of the judgment.

*Morgan v. State*, 515 S.W.2d 278 (Tex.Cr. App.1974), cited by the majority, does not hold that a judgment must be introduced to prove a prior conviction. It holds that a *verdict* alone is insufficient by itself to establish proof of a prior conviction. A statement is made in that case that there must be a judgment before a sentence is pronounced. It does not overrule *Jones v. State*, 449 S.W.2d 277 (Tex.Cr.App.1970), which holds that a judgment does not have to be introduced.

We should hold that the proof is sufficient to show a final conviction for attempted burglary.

*Sherman v. State*, 537 S.W.2d 262 (Tex. Cr.App.1976), and *Mullins v. State*, 492 S.W.2d 277 (Tex.Cr.App.1973), relied upon by the majority, are not in point. *Sherman* was not a case where prior convictions were used for enhancement. The Court held that the admission of an extraneous offense not amounting to final judgments at the punishment stage constituted reversible error.

In the present case, if an extraneous offense of parole violation is shown, no reversible error is shown because a mandatory assessment of life was required when the jury found two prior convictions alleged for enhancement. There was no mandatory punishment required in the *Sherman* case.

Likewise, *Mullins* did not involve a mandatory life penalty situation. There, the conviction was reversed because defendant's pen packet contained the details of the Arkansas convictions for which the packet was offered, an extraneous offense, and two California offenses, only one of which appeared to have resulted in a final conviction. The error was considered prejudicial because the jury, although not required to, assessed defendant's punishment at life.

In the present case the jury had no alternative but to find appellant was the person previously convicted as alleged in the indictment from the records and his photographs and fingerprints. The extraneous matter was harmless beyond a reasonable doubt. In *Ex parte Scott*, 485 S.W.2d 921 (Tex.Cr.App.1972), Judge Odom wrote:

> ". . . [A]n invalid prior conviction can be disregarded as surplusage in a case where it had no effect on the decision as to the punishment to be assessed. See, *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972);

*Gerberding v. Swenson*, 435 F.2d 368 (8th Cir. 1970)."

That reasoning applies to the present case.

No reversible error has been shown. The State's motion for rehearing should be granted and the judgment affirmed.