Donald H. GAUSMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 44843.

Court of Criminal Appeals of Texas.

April 12, 1972.

Guy Bonham, San Antonio, for appellant.

Ted Butler, Dist. Atty., Gordon V. A. Armstrong, Bill Harris and Antonio G. Cantu, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for felony theft where the punishment was assessed at 3 years.

On April 15, 1971, appellant waived trial by jury and entered a plea of not guilty before the court who found him guilty after hearing the evidence offered.

On appeal, appellant contends the evidence is insufficient to sustain the conviction, principally contending that there is no evidence to corroborate the testimony of the accomplice witness.

Gilbert Sirois testified that on or about October 30, 1970, he went to appellant's apartment on 9th Street in the City of San Antonio and obtained permission to stay in the apartment for a few days. He revealed that on the day in question, the appellant showed him a set of car keys which the appellant said he had taken from an Oldsmobile 442 on the lot at Cavender Oldsmobile Company which was located about two blocks from the apartment. Appellant told Sirois he planned to "take the car," have it painted somewhere on the northside of town before taking it to Los Angeles, California, for the purpose of sale.

That same night while Sirois and the appellant were drinking coffee at the Kopper Kettle, Sirois met a friend of the appellant's known only as "Billy". After the three returned to the appellant's apartment, the appellant and "Billy" left the apartment with the stated purpose of stealing the car.

Sirois and appellant's roommate, Gentry, discussed the matter and, being curious as to whether appellant intended to steal the car, followed the other two. After a short distance, Gentry, not believing a theft would be committed, returned. Sirois continued on to the car lot where he saw "Billy" open a car door and get into an Oldsmobile automobile and then drive 50 yards and stop to pick up the appellant. Upon returning to the apartment building, he observed the car parked behind the building and saw "Billy" taking license plates off another car parked nearby and the appellant removing the price list sticker from the stolen car. Sirois went into the apartment and when he came outside later, the appellant and "Billy" had disappeared with the stolen vehicle.

On November 5, 1970, Sirois went to Cavender Oldsmobile dealership and related to the New Car Sales Manager what he had observed several nights before. A police officer was called and took a report of the incident.

Sirois also revealed that about November 30, 1970, he had encountered the appellant who related that he had taken the car to Laredo and then to California where he had abandoned it in the Hollywood area.

On January 18, 1971, Sirois gave a written statement to the police concerning the offense charged substantially the same as the report given to the police officer on November 5, 1970.

William Hasbrook, New Car Sales Manager for the automobile dealer, testified that the two-door 1970 Oldsmobile in ques-

tion had been stolen from the lot on October 30, 1970, that its value was $3,810.37 at the time, and that he had not given appellant or anyone else permission to take the vehicle.

The appellant did not testify but called Sirois' wife .o show ill will between him and Sirois over the fact that she had dated him [the appellant] before her marriage to Sirois. It was shown by other evidence that Sirois first met his wife on November 30, 1970, a month after the alleged offense and that they married on February 6, 1971. Her "dating" of the appellant occurred between those dates. It is true that on January 18, 1971, Sirois gave a written statement to the police concerning the alleged offense, but, as noted earlier, it was substantially the same as the report made on November 5, 1970.

In determining the sufficiency of the evidence, we must first decide whether Sirois was an accomplice witness so that his testimony needs to be corroborated. See Art. 38.14, Vernon's Ann.C.C.P. An accomplice witness means a person who, either as a principal, accomplice, or accessory, was connected with the crime by unlawful act or omission on his part, transpiring either before, at the time of, or after the commission of the offense, and whether or not he was present and participated in the crime. See Art. 38.14, n. 2, supra; DeVault v. State, 449 S.W.2d 235 (Tex.Cr.App.1970).

"Frequently, the test to determine whether a witness is an accomplice or not is whether a prosecution will lie against him under the indictment by which the accused was charged. The mere fact that the witness was present when the crime was committed does not compel the conclusion that he was an accomplice of the accused. Nor is the witness to be deemed an accomplice simply because he knew of the crime, but failed to disclose it or even concealed it.

. . . " 24 Tex.Jur.2d Evidence § 690, p. 311.

The appellant fails to point to the evidence which he considers supports his claim that Sirois is an accomplice witness. We find none. We do find Sirois' denial that he participated in the offense, his testimony that the appellant never asked him to participate or "to go with him" and that neither "Billy" or the appellant asked him to help or stated they needed a lookout.

 We cannot conclude that Sirois was an accomplice witness. Viewing the evidence in the light most favorable to the judgment of the court, the trial judge being the trier of the facts, the evidence is clearly sufficient to sustain the conviction.

The judgment is affirmed.