### In the Matter of M. L., a Minor Child.
### No. 1706.

Court of Civil Appeals of Texas, Corpus Christi.

June 18, 1980.

Peter C. Gilman, Brownsville, for appellant.

Lee McGowan, Asst. Dist. Atty., Brownsville, for appellee.

## OPINION

BISSETT, Justice.

This is an appeal from a judgment of the District Court of Cameron County, Texas, sitting in juvenile matters, wherein the minor child, M. L., was found to have engaged in delinquent conduct in that he burglarized the home of Lucille Brown on or about October 13, 1979. A jury was waived and trial was to the court. The child was committed to the Texas Youth Council until he reaches the age of 18, or until further order of the court.

The judgment in this case was based, at least in part, on circumstantial evidence. While we review the evidence in the light most favorable to the judgment, we follow the well established rule that a judgment of adjudication, disposition and commitment of a minor for the commission of a criminal offense, which is based on circumstantial evidence, cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the accused, and proof amounting to no more than a strong suspicion or mere possibility is insufficient. *Easley v. State*, 564 S.W.2d 742 (Tex.Cr.App. 1978). However, it is not necessary that every fact point directly or independently to the guilt of the accused, and the cumula-

tive force of all the incriminating circumstances may be sufficient to justify and support a conclusion of guilt. *Stogsdill v. State*, 552 S.W.2d 481 (Tex.Cr.App.1977); *Flores v. State*, 551 S.W.2d 364 (Tex.Cr. App.1977).

M. L., the appellant, did not testify. It is undisputed that he was 15 years of age at the time of trial.

Mrs. Lucille Brown testified that on October 13, 1979, she resided at 425 West Swanson, San Benito, Texas. She left home at 12:30 p. m., or thereabouts, and returned at approximately 7:40 p. m. When she entered her house, she found everything "in shambles," and discovered that someone had entered her home by cutting a window screen. In addition to property damage sustained, she stated that "all my jewelry was taken." Included among the items which were taken were "a string of real pearls," gold chains, a white gold chain with a half-carat diamond drop in it, three strings of crystals, and "twenty-five, or more, strings of beads." She further testified that she did not give anyone permission to enter her house, nor did she consent to the taking of any of the property which she found was missing.

Mike Briones, at the time of the alleged burglary, was living in San Benito, Texas. He testified: 1) in the late afternoon of October 13, 1979, he, Eliseo Torres, and the appellant were "sniffing some paint by the resaca" near Mrs. Lucille Brown's house in San Benito, Texas; 2) later, the appellant tore an outside screen off of an open window, of the Brown house, entered it through the window, and opened a door to the house; 3) he and Eliseo then entered the house via the open door; 4) they went upstairs, "started searching . . . breaking things and all of that"; 5) they were in the house for about fifteen minutes; 6) "Eliseo took a bag full of jewelry and a little pouch" from the house, and they then "started running toward the resaca"; 7) when they reached the resaca, "Eliseo turned the bag of jewelry over and everybody started grabbing some"; 8) the appellant "grabbed some jewelry" and he (Mike)

"grabbed some necklaces, and the rest they threw in the resaca"; and 9) they (the three boys) then went to the appellant's house, placed "everything we had" on the bed and "started grabbing, you know, what was more valuable." He further testified that to his knowledge, neither he, Eliseo, nor the appellant, had permission to enter the Brown house or to take anything from the house.

Zenon Zamora, at the time of the occurrence in question, was also living in San Benito. He testified: 1) in the afternoon of October 13, 1979, while he was trimming grass at his house, he saw the appellant, Mike, and another boy whose name he did not know "sniffing paint"; 2) thereafter, he saw the same three boys break into "Mrs. Fleming's house" on "Swanson Street"; 3) they "brought out a watch and a battery charger"; 4) about fifteen minutes later he saw them "running down the alley towards a resaca"; 5) the alley was "on my side of the house," and they were coming from "Swanson"; 6) when they reached the resaca, "they were looking at a white purse with jewelry inside and he started throwing some inside the resaca"; 7) when "they started to go, I picked up six necklaces," and "scattered them in the yard"; and 8) he did not know of his own knowledge whether the three boys "went into" Mrs. Brown's house, but "they told me they did."

Tex. Family Code Ann. § 54.03(e) (Supp. 1980), in relevant part, provides:

"A statement made by the child out of court is insufficient to support a finding of delinquent conduct or conduct indicating a need for supervision unless it is corroborated in whole or in part by other evidence. An adjudication of delinquent conduct or conduct indicating a need for supervision cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the child with the alleged delinquent conduct or conduct indicating a need for supervision; and the corroboration is not sufficient if it merely shows the commission of the alleged conduct. . . ."

■ It has long been the rule in this State that the test to be used in determining if the accomplice testimony has been sufficiently corroborated is to eliminate the accomplice testimony from consideration, then to examine the evidence of other witnesses, and if there is other incriminating evidence *tending* to connect the accused to the commission of the offense, there is sufficient corroboration. *Hernandez v. State*, 578 S.W.2d 731 (Tex.Cr.App.1979); *Moore v. State*, 521 S.W.2d 263 (Tex.Cr.App.1975); *Odom v. State*, 438 S.W.2d 912 (Tex.Cr.App. 1969).

■ An accomplice witness is a person who has participated with another before, during or after the commission of a crime. *Villarreal v. State*, 576 S.W.2d 51 (Tex.Cr. App.1979). A person who cannot be prosecuted for the offense for which the accused is charged is not an accomplice witness. *Easter v. State*, 536 S.W.2d 223 (Tex.Cr. App.1976); *Hunt v. State*, 492 S.W.2d 540 (Tex.Cr.App.1973). A person is not an accomplice witness simply because he knew of the crime but failed to disclose it, or even concealed it. *Gausman v. State*, 478 S.W.2d 458 (Tex.Cr.App.1972); *Villarreal v. State*, supra.

"The corroborative testimony need not supply direct evidence; it must only tend to connect appellant with the crime." *Cherb v. State*, 472 S.W.2d 273 (Tex.Cr.App.1971).

■ In the case at bar, the witness, Mike Briones, who actively participated in the burglary of Mrs. Brown's home, is an accomplice witness. However, the witness Zenon Zamora was not. The record does not reflect any affirmative act by Zamora in planning or promoting the burglary of the Brown home, nor is there any showing that he assisted in such burglary in anyway. See *Caraway v. State*, 550 S.W.2d 699 (Tex. Cr.App.1977); *Cross v. State*, 550 S.W.2d 61 (Tex.Cr.App.1977); *Chappell v. State*, 519 S.W.2d 453 (Tex.Cr.App.1975). The fact that Zamora, by destroying the six necklaces, may have committed a penal offense, does not make his testimony in this case that of an accomplice witness if there is no showing of his complicity in the offense of

burglary, for which M. L. was tried. See *Caraway v. State*, supra; *Ballard v. State*.

Applying the test of sufficiency of corroboration of an accomplice witness to this case, we first eliminate the testimony of Mike Briones, the accomplice witness. We are left with the testimony of Zenon Zamora and Mrs. Lucille Brown. In order to support the judgment under attack in this appeal, their testimony, standing alone, must tend to connect M. L. with the crime of burglary (with intent to commit theft) of Mrs. Brown's home on or about October 13, 1979.

Zamora testified, in essence, that M. L., Briones and the other boy (whom he did not know) told him that "they" went into the Brown house. That statement made by M. L., the accused, constituted an admission by him which was not hearsay and was clearly admissible in evidence. *Gibbs v. State*, 468 S.W.2d 69 (Tex.Cr.App. 1971); *Gibson v. State*, 430 S.W.2d 507 (Tex.Cr.App.1968); *Bedwell v. State*, 305 S.W.2d 372 (Tex.Cr.App.1957). That admission is sufficient to corroborate the testimony of the accomplice witness Briones concerning the breaking and entering the home of Lucille Brown for the purpose of committing theft. *Jackson v. State*, 516 S.W.2d 167 (Tex.Cr.App.1974).

Zamora further testified that on October 13, 1979, he saw M. L. in possession of jewelry. Included in that jewelry were "six necklaces."

Mrs. Lucille Brown, in summary, testified that on October 13, 1979, someone cut a window screen, entered her home and took several items of personal property. She stated that among the items taken were "at least twenty-five, or more, strings of beads," a "string of real pearls," and "three strings of crystals." She did not give anyone permission to enter her home or take any property from her home on the day of the burglary.

The circumstantial evidence in the record includes: 1) the admission by M. L. that he "went into" the Lucille Brown home on October 13, 1979; 2) the presence of the accused with Briones at the time of such entry, and his presence with the accomplice witness at the resaca when both were seen by Zamora to be in possession of jewelry, including six necklaces; 3) the fact that jewelry, including necklaces, were taken from the Brown home; 4) the breaking into the house and the taking of "strings of beads," or "necklaces" without the owner's consent. The admission, plus the facts contained in the record, provide cumulative evidence which *tend* to connect M. L. with the burglary of the Brown home. The non-accomplice testimony is sufficient to corroborate the testimony of Briones, the accomplice witness.

Under the record here presented, it was not necessary that the evidence show that the jewelry observed by Zamora on the banks of the resaca was the same jewelry taken from Brown's home. The case of *Owens v. State*, 576 S.W.2d 859 (Tex.Cr. App.1979), as insisted by appellant, is not controlling in the disposition of this appeal. In that case, there was no admission of any fact by the accused which tended to connect him with the commission of the crime of burglary. In the case at bar, there is such an admission.

We hold that the admission, when coupled with the circumstantial evidence, is sufficient to exclude every hypothesis except the guilt of M. L. The cumulative force of all the incriminating facts and circumstances were legally and factually sufficient for the trial judge, the finder of facts in this case, to conclude, as he did, that M. L. was guilty beyond a reasonable doubt of the offense with which he was charged. We have carefully considered all points of error which have been brought forward in this appeal. They are overruled.

The judgment of the trial court is AFFIRMED.