Eleazar Elly GUZMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–81–0007–CR.

Court of Appeals of Texas,
Amarillo.

Nov. 2, 1981.

Rehearing Denied Nov. 25, 1981.

Patrick A. Abeyta Law Offices, Inc., Patrick A. Abeyta, Lubbock, for appellant.

Thomasina Thomas, Asst. Criminal Dist. Atty., Canyon, for State.

Before REYNOLDS, C. J., and DODSON and BOYD, JJ.

BOYD, Justice.

This is an appeal from a conviction for murder. Punishment was assessed by the jury at fifteen years imprisonment.

We affirm the conviction.

In appellant's first two grounds of error he alleges that the trial court erred in admitting, during the penalty stage of the trial, what he denominates as an "uncertified" copy of appellant's prison packet and in holding that certification of official documents was for the court and not the jury.

The certificate in question was in the form required by Article 3731a, Tex.Rev. Civ.Stat.Ann. (Vernon Supp. 1980). The question arises because the certificate attached to the packet covered two prior convictions, one of which admittedly was inadmissible. The able trial judge, over objection, admitted into evidence that portion of the packet dealing with the prior admissible conviction. Because of the reference to the inadmissible conviction, he directed that the certificate itself not be exhibited to the jury.

Appellant alleges that the failure to allow the jury to examine the certificate itself deprived him of due process rights of cross-examination and confrontation. We disagree.

Appellant is correct that the right to confront and cross-examine witnesses is essential to due process and a fair trial within the provisions of the 14th Amendment to the Constitution of the United States. *In re Oliver*, 333 U.S. 257, 273, 68 S.Ct. 499, 507, 92 L.Ed. 682 (1948); *Chambers v. Mississippi*, 410 U.S. 284, 294, 93 S.Ct. 1038, 1045, 35 L.Ed.2d 297 (1973).

However, such rights are not absolute and are not essential when the evidence bears indicia of reliability sufficient to insure the integrity of the fact-finding process. *Dutton v. Evans*, 400 U.S. 74, 89, 91 S.Ct. 210, 219, 27 L.Ed.2d 213 (1970); *Mancusi v. Stubbs*, 408 U.S. 204, 213, 92 S.Ct. 2308, 2313, 33 L.Ed.2d 293 (1972).

Official written instruments are one of the well recognized exceptions to the hearsay rule and are admissible under the provisions of Art. 3731a, *supra*. This article is applicable to criminal cases. *Phillips v. State*, 538 S.W.2d 116, 118 (Tex.Cr.App. 1976).

The pertinent portion of Sec. 4, Art. 3731a reads:

Such writings or electronic records may be evidenced by an official publication thereof or by a copy or electronic duplication attested by the officer having the legal custody of the record, or by his deputy. Except in the case of a copy of an official writing or official electronic recording from a public office of this

State or a subdivision thereof, the attestation shall be accompanied with a certificate that the attesting officer has legal custody of such writing.

■ In this case, the documents in the prison packet were attested to by the custodian of records of the Texas Department of Corrections. There was a certificate from the judge identifying the custodian of the records, and a certificate from the court clerk. We find nothing in the statute requiring a separate certificate for each case. The function of the certificate is to furnish that indicia of reliability required by Art. 3731a to qualify for the official written instruments exception to the hearsay rule, and entitle the evidence certified to admissibility if otherwise relevant and admissible. Prior convictions here, of course, are admissible in the punishment phase of this trial. Tex.Code Crim.Pro.Ann. art. 37.07, § 3(a) (Vernon 1981). There being no fact question to be resolved by the jury, the display of the certificate to the jury was not required.

We have carefully examined the cases cited by appellant in support of his position and note that in each of those cases there was a defect in the *certificate* itself as applied to the *immediate* case involved.

For example, in *Morgan v. State,* 532 S.W.2d 85 (Tex.Cr.App.1976), the certificate failed to indicate the evidence was received from the legal custodian. In *Cortez v. State,* 571 S.W.2d 308 (Tex.Cr.App.1978), there was no certificate by a judge of a court of record regarding legal custody of the attested writings.

Appellant's grounds of error one and two are overruled.

In appellant's next ground of error he alleges the trial court erred in failing to charge on exculpatory evidence.

■ The rule is well settled that where the State introduces a defendant's exculpatory statement or confession, it has the burden of disproving it. Failure to do so is ground for acquittal and it is error for the trial judge to refuse to charge on the above rule when requested to do so by the defend-

ant. *Grady v. State,* 466 S.W.2d 770, 771 (Tex.Cr.App.1971).

The term "exculpatory" is defined as "clearing or tending to clear from alleged fault or guilt." *Brown v. State,* 475 S.W.2d 938, 955 (Tex.Cr.App.1971).

Appellant's statement reveals that the deceased and the defendant had a confrontation, that during the confrontation defendant stabbed the deceased two times, that the deceased "backed off" and started walking back in the direction from which he came. Defendant's friend, named "Bobby" (Bobby Castillo), and the deceased then started fighting. The defendant secured the aid of two black males, went into the crowd which had gathered around the deceased and "Bobby" (Bobby Castillo) who were still fighting, and said, "let's go man, I have allready [*sic*] cut him two times and that's enough." Defendant got "Bobby's" coat, vest and shirt and gave them to him. Bobby left with defendant and the deceased then went to his own car.

■ There is nothing in the statement "clearing or tending to clear defendant from alleged fault or guilt." *Id.* at 955. Defendant was not entitled to a charge on exculpatory evidence.

Appellant's ground of error three is overruled.

In appellant's next ground of error he complains of the trial court's "failure to instruct on accomplice witness testimony" with reference to the witnesses Derenda Deleon and Bobby Castillo.

The record shows that immediately after his altercation with the deceased, defendant returned to the car in which Derenda Deleon was seated and handed her a knife, which she put inside her shirt. He told Derenda he had stabbed "the guy" four times and "cut him up pretty bad." She kept the knife about a half hour to one hour and then returned it to defendant. She later made two statements to the police, the first statement differing from the second, concerning the extent of Bobby Castillo's involvement in the incident.

**18**

After the incident with the defendant, the deceased walked away from defendant and a fight developed with Bobby Castillo. There is no evidence of any participation by Bobby Castillo in the fight between the deceased and defendant in which the stabbing occurred.

 An accomplice witness is someone who *participated* with another before, during, or after the commission of a crime. *Jackson v. State*, 552 S.W.2d 798, 805 (Tex. Cr.App.1976), *cert. denied*, 434 U.S. 1047, 98 S.Ct. 894, 54 L.Ed.2d 799 (1978); *Singletary v. State*, 509 S.W.2d 572, 575 (Tex.Cr.App. 1974). Mere failure to disclose a crime or even concealment of the crime does not make one an accomplice under the present law. *Easter v. State*, 536 S.W.2d 223, 225 (Tex.Cr.App.1976); *Gausman v. State*, 478 S.W.2d 458, 460 (Tex.Cr.App.1972). The fact that a witness was present when a crime was committed does not necessarily make him or her an accomplice witness. *Gausman*, 478 S.W.2d at 460, *quoting* 24 Tex.Jur.2d Evidence § 690, p. 311. "[O]ne is not an accomplice witness who cannot be prosecuted for the offense *with which the accused is charged*." *Easter*, 536 S.W.2d at 227 (emphasis added).

Derenda Deleon could not have been charged with murder. Although she was present at the scene of the crime, she was not involved in the altercation between Guzman and the victim. The only crime with which she could have been charged was hindering apprehension or prosecution under Section 38.05, Texas Penal Code Ann. (Vernon 1974).* Therefore, her testimony at appellant's trial was not that of an accomplice witness. *Easter*, 536 S.W.2d at 225–29.

Bobby Castillo was called as a witness by Guzman. It is well settled that Article 38.22, Tex.Code Crim.Pro.Ann. (Vernon 1979), does not require corroboration of a witness called by the accused. *Cranfil v. State*, 525 S.W.2d 518, 520 (Tex.Cr.App. 1975); *Brown v. State*, 576 S.W.2d 36, 42 (Tex.Cr.App.1978). Defendant was not entitled to an accomplice witness charge on Castillo's testimony.

Appellant's ground of error four is overruled.

The judgment is affirmed.

* Section 38.05(a) provides:
 (a) A person commits an offense if, with intent to hinder the arrest, prosecution, conviction, or punishment of another for an offense, he:
 (1) harbors or conceals the other;

 (2) provides or aids in providing the other with any means of avoiding arrest or effecting escape; or
 (3) warns the other of impending discovery or apprehension.