**David Henry CAMPBELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–81–011–CR.**

Court of Appeals of Texas,
Waco.

March 11, 1982.

Ian B. Inglis, Austin, for appellant.

Felipe Reyna, Crim. Dist. Atty., John W. Segrest, Asst. Dist. Atty., Waco, for appellee.

OPINION

McDONALD, Chief Justice.

Appellant was convicted of involuntary manslaughter and sentenced to not less

than two nor more than eight years confinement in the Texas Department of Corrections.

In his first three grounds of error appellant asserts: (1) there was insufficient evidence to show the identity of the deceased; (2) there was insufficient evidence to show the corpus delicti of the offense; and (3) the court erred in admitting into evidence the death certificate of Lewis Oliver Brown (the victim) as the certificate constituted hearsay. All of these grounds relate to the admission of the certificate and will be discussed together.

The death certificate of Brown listed the cause of his death as a broken neck due to or as a consequence of an automobile accident. Because the certificate was certified by the Registrar for the City of Waco rather than the State Registrar, appellant objected at trial and argues on appeal that the information contained therein is hearsay. He contends that when the hearsay evidence is removed, the victim's identity was not proven as alleged in the indictment. (The indictment alleged that appellant caused the death of Lewis Oliver Brown through his reckless acts while driving an automobile.) Further, he urges that without the death certificate the body of the deceased was not identified and his death was not shown to be caused by appellant's criminal acts. *Nathan v. State*, Tex.Cr. App., 611 S.W.2d 69, 75.

■ The death certificate states that it is a photographic copy of the record which appears in the records of the City of Waco; it was prepared and signed by a justice of the peace and certified by the local registrar. Therefore, it is admissible under Section 1, Article 3731a, VATS. See also *Guzman v. State*, Tex.Civ.App. (Amarillo) NWH, 625 S.W.2d 15, 16; *Garcia v. T.E. I.A.*, Tex.Civ.App. (Amarillo) NWH, 622 S.W.2d 626, 632. Furthermore, the evidence showed that the facts contained in the certificate were reliable. The personal data was supplied by Brown's wife, and the information provided by the justice of the peace was shown to be reliable by the testimony of the physician who performed the

autopsy and the state trooper who investigated the accident. Finally, even had the certificate been inadmissible, it is well settled that improperly admitted evidence does not constitute reversible error if the same facts were proved by other evidence not objected to. *Brasfield v. State*, Tex.Cr. App., 600 S.W.2d 288, 296; *Mutscher v. State*, Tex.Cr.App., 514 S.W.2d 905, 922. In this case the evidence was sufficient even without the certificate.

■ Dr. Robert Walter testified that on December 21, 1981 (the day after the collision), he performed the autopsy of Lewis O. Brown. Such testimony is sufficient to identify the victim alleged in the indictment. *Harrington v. State*, Tex.Cr.App., 547 S.W.2d 621, 624. He described Brown as being 64 years of age, but looking somewhat younger, with ecchymoses and abrasions about the forehead. The deceased had a tattoo with the initials "L.O.B." and had swelling about the base of the neck. The cause of death according to Walter's testimony was a broken neck complicated by a collapsed lung.

A witness at the accident scene testified that he was passed by appellant's vehicle about five miles before the place where the collision occurred, that appellant was traveling about 90 m. p. h., and that the driver of the vehicle that was rear-ended was an older gentleman with grey hair who was moving very little. An eye witness to the collision testified that appellant's car had been drifting from side to side and that appellant was traveling 80–90 m. p. h. Another man testified that the victim said his neck or back was broken because he could not move his legs. The trooper investigating the accident testified that the victim at the scene was Oliver Lewis Brown. The trooper took photographs of the wrecked vehicles and testified that appellant was traveling at least 72 m. p. h. at the time of the collision because of the length of the skid marks. Appellant's first three grounds of error are overruled.

■ In his 4th ground of error appellant claims the trial court erred in admitting

into evidence the results of an alcohol blood test administered to appellant. Appellant was injured in the collision and was taken by ambulance to a local hospital where a physician ordered a blood test. The purpose of drawing the blood was to assist in the treatment of appellant. A laboratory technician testified at trial that she drew the blood. The test for alcohol level was performed by the hospital and not the laboratory of the State.

At trial appellant objected to "any testimony, with respect to the matter of concerning the blood test, based on Article 38.23 of the Code of Criminal Procedure; the Fourth Amendment, the Fifth Amendment and the Fourteenth Amendment to the Constitution." The judge responded that he would overrule the objection "at this time." Subsequently, the results of the blood test were admitted into evidence and a chemist testified regarding the effects of appellant's blood alcohol level. Appellant did not object. Therefore, nothing is presented for review. *Sherbert v. State*, Tex.Cr.App., 531 S.W.2d 636; *Bain v. State*, Tex.Cr.App., 492 S.W.2d 475, 476.

Ground 4 is overruled.

AFFIRMED.