949 F.2d 401
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Letice Andre GARRISON, Petitioner-Appellant,
v.
Robert TANSY, Warden, Respondent-Appellee.
 No. 90-2252.
 United States Court of Appeals, Tenth Circuit.
 Nov. 29, 1991.
 
 Before STEPHEN H. ANDERSON, BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner-appellant Letice Andre Garrison appeals from the district court's denial of his writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. The single issue presented is whether the evidence in this case is constitutionally sufficient to sustain Petitioner's state murder conviction. We affirm.
 
 
 3
 The charges in this case arose out of the robbery of a 7-11 convenience store in Albuquerque, New Mexico, on September 29, 1981. On that date, Petitioner robbed the store, raped a female employee, and shot a customer who later died. Following his arrest, Petitioner confessed to the crimes. Although the jury found him guilty of several charges, the only one at issue is the first degree homicide conviction.
 
 
 4
 Petitioner contends there was insufficient evidence to show that the man he killed was the same man he was charged with killing. He argues that the prosecution failed to introduce evidence positively identifying the murder victim as Theodore VanBastian, the person named in the indictment. Absent this evidence, he asserts, the state did not prove the corpus delicti of the crime, and, therefore, the conviction is not sound.
 
 
 5
 " 'Evidence is considered sufficient to support a criminal conviction if, when viewed in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt.' " United States v. Ratchford, 942 F.2d 702, 703 (10th Cir.1991) (quoting United States v. Culpepper, 834 F.2d 879, 881 (10th Cir.1987) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979))). In this case, the focus is necessarily on whether there is sufficient evidence in the record identifying the murder victim as Theodore VanBastian. See State v. Vallo, 464 P.2d 567, 568 (N.M.Ct.App.1970) ("[P]roof that the person killed is the same person as the one charged in the indictment to have been killed is part of the corpus delicti.").
 
 
 6
 In New Mexico, circumstantial evidence is sufficient to establish guilt in a murder prosecution. State v. Coulter, 506 P.2d 804, 807 (N.M.Ct.App.1973). Thus, in this case, "[t]he only test ... is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to [the] conviction." State v. Brown, 676 P.2d 253, 255 (N.M.1984). Our review of the trial record reveals there was sufficient evidence identifying the victim as Theodore VanBastian.
 
 
 7
 Treating physician Phillip Martinez testified at length regarding the victim's care while at the hospital. He consistently referred to the patient as Mr. VanBastian and stated several times that he consulted his family regarding treatment. He testified that he advised Mr. VanBastian's family that the gunshot wound was fatal and that the patient was being kept alive with a respirator. He stated the family requested that Mr. VanBastian be kept on the respirator. He also testified that the family consented to donate Mr. VanBastian's kidneys. A rational trier of fact could infer from this testimony that both the family and Dr. Martinez identified the body.
 
 
 8
 Detective Paul Jasler testified regarding his investigation of the crime and the crime scene. He stated that he arrived at the store between 2:30 and 3:00 a.m. He was the police officer who arrested Petitioner on the homicide charge. He testified that he did so after the hospital informed him, by telephone, that Mr. VanBastian was being kept alive by machines. Again, the inference from this testimony is that the murder victim was positively identified as Theodore VanBastian.
 
 
 9
 This evidence is sufficient to sustain the conviction. See Jackson v. State, 79 S.E.2d 812, 815 (Ga.1954) (statement of witness that he did not know victim in his lifetime did not render testimony unreliable where identification was ascertained from reliable sources); Campbell v. State, 632 S.W.2d 165, 166 (Tex.Ct.App.1982) (testimony of physician performing autopsy was sufficient identification evidence); Lopez v. State, 482 S.W.2d 179, 182 (Tex.Crim.App.1972) (evidence was sufficient where police officer identified deceased by name without objection).
 
 
 10
 Accordingly, the judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3