**William Francis BASSETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–85–00507–CR.**

Court of Appeals of Texas,
Dallas.

Dec. 10, 1985.

Rehearing Denied Jan. 10, 1986.

John H. Hagler, Dallas, for appellant.

Donald G. Davis, Asst. Dist. Atty., Dallas, for appellee.

Before GUILLOT, MALONEY and HOWELL, JJ.

GUILLOT, Justice.

This is an appeal from an enhanced conviction for the offense of aggravated robbery for which the jury sentenced appellant to forty years' confinement in the Texas Department of Corrections. For the reasons below, we reverse appellant's convic-

tion and remand the cause for a new trial on the merits.

In his third ground of error, appellant contends that the trial court erred in admitting into evidence an Ohio penitentiary packet which was not properly authenticated. We agree with appellant's contention and reverse his conviction. Since the jury found appellant guilty and assessed his punishment, we must remand the cause for a redetermination of guilt or innocence as well as punishment.

Appellant's conviction was enhanced by a prior Ohio felony offense. The State attempted to prove the prior conviction by introducing the penitentiary packet. The trial court, over appellant's objection of improper authentication, allowed the evidence.

The authentication page of the "pen packet" included the attestation of Robert L. Baker, an officer of the Ohio Department of Corrections, and a certificate from the county judge that the attesting officer had legal custody of the records. Judge William W. Young was named as county judge on the certificate but C.D. Theddar signed on behalf of the judge. The record does not reflect who C.D. Theddar is, or what authority he had to sign on behalf of Judge Young. This certificate does not conform with TEX.REV.CIV.STAT.ANN. art. 3731a, § 4 (Vernon Supp.1985), which governs the procedures for admitting official records into evidence.

Article 3731a, section 4 provides in pertinent part:

> Such writings or electronic records may be evidenced by an official publication thereof or by a copy or electronic duplication attested by the officer having the legal custody of the record, or by his deputy. Except in the case of a copy of an official writing or official electronic recording from a public office of this State or a subdivision thereof, the attestation shall be accompanied with a certificate that the attesting officer has the legal custody of such writing. [T]he certificate may be made by a judge of a court of record of the district or political subdivision in which the record is kept, authenticated by the seal of his office.

Here, the State failed to comply with the provisions of article 3731a, section 4.

Article 3731a does not mandate that a district judge *must* certify the attestation. *Aaron v. State*, 546 S.W.2d 277 (Tex.Crim.App.1976). However, once the judge does attempt to certify the attestation, he must do so in compliance with the article. Here, Judge Young did not personally sign the certificate. Instead, C.D. Theddar signed the certificate on behalf of Judge Young. The record does not reflect under what authority or in what capacity Theddar acted in signing for Judge Young. We, therefore, find that the State did not properly authenticate the pen packet. *See, Morgan v. State*, 532 S.W.2d 85 (Tex.Crim. App.1976).

Reversed and remanded.