Lance Dion CARPENTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–88–01264–CR.

Court of Appeals of Texas,
Dallas.

Dec. 1, 1989.

Rehearing Denied Jan. 3, 1990.

Donald R. Scoggins, Dallas, for appellant.

Teresa Tolle, Dallas, for appellee.

Before WHITHAM, ROWE and
WHITTINGTON, JJ.

## OPINION

WHITHAM, Justice.

Appellant appeals a conviction for aggravated robbery. Enhanced by one prior conviction, the jury assessed punishment at seventy-five years in the Texas Department of Corrections and a fine of $10,000.00. In his first point of error, appellant contends that the trial court committed reversible error by admitting into evidence a pen packet not properly authenticated under Rule 902 of the Texas Rules of Criminal Evidence. We agree. Accordingly, we reverse and remand.

We begin by quoting the governing provisions of rule 902:

Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

\* \* \* \* \* \*

(4) **Certified Copies of Public Records.** A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraphs (1), (2), or (3) of this rule or complying with any statute or court rule prescribed pursuant to statutory authority.

\* \* \* \* \* \*

(1) **Domestic Public Documents Under Seal.** A document bearing a seal purporting to be that of the United States, or of any state, district, Commonwealth, territory, or insular possession thereof, or the Panama Canal Zone, or the Trust Territory of the Pacific Islands, or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution.

(2) **Domestic Public Documents Not Under Seal.** A document purporting to bear the signature in his official capacity of an officer or employee of any entity included in paragraph (1) hereof, having

no seal, if a public officer having a seal and having official duties in the district or political subdivision of the officer or employee certifies under seal that the signer has the official capacity and that the signature is genuine.

(3) **Foreign Public Documents.** A document purporting to be executed or attested in his official capacity by a person authorized by the laws of a foreign country to make the execution or attestation, and accompanied by a final certification as to the genuineness of the signature and official position (A) of the executing or attesting person, or (B) of any foreign official whose certificate of genuineness of signature and official position relates to the execution or attestation or if in a chain of certificates of genuineness of signature and official position relating to the execution or attestation. A final certification may be made by a secretary of embassy or legation, consul general, consul, vice consul, or consular agent of the United States, or a diplomatic or consular official of the foreign country assigned or accredited to the United States. If reasonable opportunity has been given to all parties to investigate the authenticity and accuracy of official documents, the court may, for good cause shown, order that they be treated as presumptively authentic without final certification or permit them to be evidenced by an attested summary with or without final certification. The final certification shall be dispensed with whenever both the United States and the foreign country in which the official record is located are parties to a treaty or convention that abolishes or displaces such requirement, in which case the record and the attestation shall be certified by the means provided in the treaty or convention.

It is undisputed that the provisions of TEX. R.CRIM.EVID. 902(10) do not apply. Indeed, this appears correct in that there is no affidavit before us in compliance with the "business records accompanied by affidavit" provisions of rule 902(10).

During the punishment phase of appellant's trial, the court admitted State's ex-hibit 5, tendered as a pen packet. The first page of the exhibit contains three forms for signature. The first form, signed by S.O. Woods, Jr., reads:

STATE OF TEXAS
COUNTY OF WALKER

I, S.O. Woods, Jr. HEREBY CERTIFY THAT I AM THE Record Clerk of the Texas Department of Corrections, a penal institution of the State of Texas, situated in the County and State aforesaid. That in my legal Custody as such officer are the original files and records of persons heretofore committed to said institution: that the (x) photograph (x) fingerprints and (x) commitments, including judgement [sic] and sentence, of LANCE D. CARPENTER TDC# 437819 CAUSE# 6765; a person heretofore committed to said penal institution and who served a term of imprisonment therein: that I have compared the attached copies with their respective originals now on file in my office and each thereof contains, and is a full, true and correct transcript and copy from its said original.

IN WITNESS WHEREOF, I have hereunto set my hand seal this 11th day of June, 1988.

/S/ S.O. Woods, Jr., Records Clerk

For the purposes of this opinion, we assume, but do not decide, that the Record Clerk of the Texas Department of Corrections, a penal institution of the State of Texas, situated in Walker County, Texas, is a public office within the meaning of rule 902(4). The second form signed by Frank J. Robinson, as judge of the County Court of Walker County, Texas, follows and reads:

THE STATE OF TEXAS
COUNTY OF WALKER

I, Frank J. Robinson PRESIDING JUDGE OF THE COUNTY COURT, do hereby Certify that S.O. Woods Jr., whose name is subscribed to the above Certificate, was at the date thereof, and is now Record Clerk of the Texas Department of Corrections, and is the legal keeper and the officer having the legal custody of the original records of the said Texas Department of Corrections:

that the said Certificate is in due form and that the signature subscribed thereto is his genuine signature.

IN WITNESS WHEREOF, I have hereunto subscribed my name in my official character as such Judge, in the County and State aforesaid, this the 11th day of June, 1988.

/S/ Frank J. Robinson, JUDGE of the County Court, Walker County, Texas

The third form appears to be a form to be signed by James D. Patton, Clerk of the County Court of Walker County, Texas, which reads as follows:

THE STATE OF TEXAS
COUNTY OF WALKER

I, James D. Patton CLERK OF THE COUNTY COURT of the County of Walker, State of Texas, which Court is a court of records having a seal which is annexed hereto, do certify that Frank J. Robinson whose name is subscribed to the foregoing Certificate of the due Attestation, was at the aforesaid subscribing, the same Judge of the County Court aforesaid, and was duly commissioned, qualified and authorized by LAW to execute the said Certificate, and I do further certify that the signature of the above named Judge of the said Certificate of due Attestation is genuine.

IN WITNESS WHEREOF, I have hereunto set my hand and annexed the seal of the County Court at my office in said County, this the 11th day of June, 1988

_____CLERK
County Court, Walker County, Texas

However, *no signature or court seal is present* on this final form.

This first page of State's exhibit 5 appears to be a form prepared to meet the requirements of Title 28 U.S.C. § 1739, designated "Attestation by Custodian, Certificate of Presiding Judge Certificate of Clerk to official character of Judge." We quote Title 28 U.S.C. § 1739:

All nonjudicial records or books kept in any public office of any State, Territory, or Possession of the United States, or copies thereof, shall be proved or admitted in any court or office in any other State, Territory, or Possession by the attestation of the custodian of such records or books, and the seal of his office annexed, if there be a seal, together with a certificate of a judge of a court of record of the county, parish, or district in which such office may be kept, or of the Governor, or secretary of state, the chancellor or keeper of the great seal, of the State, Territory, or Possession that the said attestation is in due form and by the proper officers.

If the certificate is given by a judge, it shall be further authenticated by the clerk or prothonotary of the court, who shall certify, under his hand and the seal of his office, that such judge is duly commissioned and qualified; or, if given by such Governor, secretary, chancellor, or keeper of the great seal, it shall be under the great seal of the State, Territory, or Possession in which it is made. Such records or books, or copies thereof, so authenticated, shall have the same full faith and credit in every court and office within the United States and its Territories and Possessions as they have by law or usage in the courts or offices of the State, Territory, or Possession from which they are taken.

The record contains no explanation as to why the State sought to prove the prior conviction in this manner and the State's brief on appeal offers no explanation. Hence, we are at a loss to know why the State sought to authenticate a document under a federal statute designed to operate as between States.

■■■ Over appellant's objection, the pen packet was admitted under Texas Rule of Criminal Evidence 902. Rule 902(1) provides that domestic public documents under seal are self-authenticating. However, since the certification on the pen packet in this case bears no seal as described in rule 902(1), we, therefore, conclude that this section does not apply. We reach this conclusion because State's exhibit 5 cannot be a domestic public document under seal as contemplated by rule 902(1). As to rule

902(3), that rule deals with foreign country public documents and does not apply. Hence, we come to rule 902(2), providing for self-authentication of domestic public documents not under seal. It is undisputed that the signature of Frank J. Robinson, as the Judge of the County Court of Walker County, Texas, complies with the first part of rule 902(2). Judge Robinson is certainly "an officer or employee of [an] entity included in paragraph (1)" since he is an officer of a political subdivision of the State of Texas, and the document bears his signature. The focus instead is on the second part of rule 902(2), requiring "a public officer having a seal and having official duties in the district or political subdivision of the [abovementioned] officer or employee [to] *certif[y] under seal that the signer has the official capacity and that the signature is genuine."* (emphasis added). But the County Judge of Walker County, Texas, has no seal. Furthermore, if the County Judge of Walker County, Texas, had a seal, none appears on the document. As noted above, there appears an unsigned certification form which was to be signed by James D. Patton, Clerk of the County Court of Walker County, Texas. For the purposes of this opinion, we assume, but do not decide, that, if Patton had signed and affixed the Clerk's seal to the third form appearing on the first page of the exhibit, then the requirements of rule 902(2) would have been met and, therefore, State's exhibit 5 would have been admissible under rule 902(4). However, since this certification form on the third form on State's exhibit 5 is unsigned and unsealed, we conclude that this unsigned and unsealed form does not provide a basis for admission into evidence of State's exhibit 5 under the clear dictates of rule 902(2). Thus, we conclude that the pen packet was not authenticated in compliance with rule 902(2) and was, therefore, improperly admitted into evidence under rule 902(4). *See Morgan v. State,* 532 S.W.2d 85, 87 (Tex. Crim.App.1976).

■ The very purpose for introducing evidence of a defendant's prior criminal record is to encourage the jury to assess a greater, rather than a lesser, number of years. Under such circumstances, improper evidence of a prior charge or conviction before the jury is inherently prejudicial. *Morgan v. State,* 515 S.W.2d 278, 282 (Tex. Crim.App.1974). *See Sherman v. State,* 537 S.W.2d 262, 264 (Tex.Crim.App.1976); *Castillo v. State,* 699 S.W.2d 337, 339 (Tex. App.—Houston [1st Dist.] 1985, pet. ref'd); *Bassett v. State,* 702 S.W.2d 700, 701 (Tex. App.—Dallas 1985, pet. ref'd). Indeed, the State in the present case does not argue that the error would be harmless. We sustain appellant's first point of error. We reverse the trial court's judgment and remand this cause to that court for further proceedings not inconsistent with this opinion. *See Ex parte Klasing,* 738 S.W.2d 648, 650 (Tex.Crim.App.1987), *overruled on other grounds, Ex parte Brown,* 757 S.W.2d 367, 369 (Tex.Crim.App.1988).

Reversed and remanded.