Lorenza **CERVANTES** and Antonio C. Cervantes, Appellants,

v.

Deborah R. **BUHAYER**, as Trustee of the Buhayer Children Trust, The Courtney Leigh Rice Trust, and The Lindsay A. Rice Trust, and Riceco, Inc., Respondents.

No. WD 44191.

Missouri Court of Appeals, Western District.

Jan. 21, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 3, 1992.

Application for Transfer Denied April 21, 1992.

**64**

William H. Pickett, P.C., David T. Greis, Steve A. Matalone II, Kansas City, for appellants.

Larry J. Tyrl, James, Millert, Houdek, Tyrl & Sommers, Kansas City, for respondents.

Before SHANGLER, P.J., and BERREY and HANNA, JJ.

PER CURIAM:

Lorenza and Antonio C. Cervantes, husband and wife, appeal from summary judgment granted Deborah R. Buhayer as Trustee for the Buhayer Children Trust, the Courtney Leigh Rice Trust, and the Lindsay A. Rice Trust, (landlord trusts) and from the trial court's order dismissing suit against Riceco, Inc., (Riceco). The first issue presented is whether the trial court erred by granting summary judgment in behalf of landlord trusts, which own the building located at 701–707 Central Street, Kansas City, Missouri, in which Mrs. Cervantes fell and was injured. The trial court found that the staircase on which Mrs. Cervantes was injured was exclusively controlled by Riceco and that Riceco was the only tenant, and, therefore, Riceco was the only party responsible for Mrs. Cervantes' injuries. The second issue presented is whether the court erred by dismissing suit against Riceco because Mrs. Cervantes was an employee of Riceco when she was injured, which, pursuant to the Workers' Compensation Law's exclusive remedy provision, precludes the court from acquiring subject matter jurisdiction. § 287.120, RSMo Supp.1990. The trial court's summary judgment and order of dismissal are affirmed.

The Rice Coat and Suit Company, incorporated in Missouri in 1947, changed its name in 1981 to Riceco, Inc. Coat Outlet, Inc., was incorporated in Kansas in 1979 and in 1983 changed its name to The Coat and Sportswear Outlet, Inc. Riceco owns one hundred percent of The Coat and Sportswear Outlet, Inc., stock. Dale Rice is President and Alexander Buhayer is Secretary of both Riceco and The Coat and Sportswear Outlet, Inc.

On January 1, 1987, Riceco leased the building located at 701–707 Central, Kansas City, Missouri, from the landlord trusts, owners of the building. The lease expires December 31, 1996, and Riceco has an option to lease the building for an additional ten years.

Mrs. Cervantes began working for Riceco in August, 1988. On October 5, 1988, Mrs. Cervantes fell while descending steps between the third and second floors of the building. On January 10, 1989, Mrs. Cervantes filed her claim pursuant to the Workers' Compensation Law, Chapter 287, RSMo 1986. Mrs. Cervantes named Coat Outlet, Inc., as her employer on the form that she filed. Mrs. Cervantes' Workers' Compensation claim was settled, and the checks received from the insurance carrier as a result of the settlement were imprinted with "Coat Outlet, Inc." as Mrs. Cervantes' employer. However, the Workers' Compensation insurance carrier executed an affidavit on June 27, 1990, stating that the insurance company issued payments to Mrs. Cervantes without regard to whom her employer was because the carrier's insurance policy in force at the time Mrs. Cervantes was injured insured the Coat Outlet, Inc., The Coat and Sportswear Outlet, Inc., Rice Coat and Suit Company, Inc., and Rice Company, Inc. Payments were made by the insurance carrier without distinction as to which named insured company employed Mrs. Cervantes on October 5, 1988.

Dale Rice, as President of Riceco, filed an affidavit stating that during the pendency of the lease, the only business or entity occupying any space or portion of the building located at 701–707 Central was Riceco.

The affidavit stated that pursuant to the terms of the lease, Riceco controlled and maintained the interior and exterior of the leased premises, including the stairway where Mrs. Cervantes fell. According to the affidavit, maintenance included sweeping and cleaning the stairway daily.

The record includes deposition transcripts, answers to interrogatories and affidavits. The record includes evidence that Mrs. Cervantes worked for Riceco. Mrs. Cervantes began working within the building approximately six weeks before her injury. Payroll checks given to Mrs. Cervantes in September and October of 1988 reflect the Rice Coat and Suit Company, Inc., Riceco's name before the corporation's name was changed, as maker of the checks. Mrs. Cervantes was unaware of the existence of The Coat Outlet, Inc., until after suit was initiated. Mrs. Cervantes understood that, at the time of the accident, she was employed by Riceco. On October 6, 1988, Riceco prepared and filed a report of Mrs. Cervantes' injury with the Division of Workers' Compensation which stated that Mrs. Cervantes had been an employee of Rice Coat Company for six weeks prior to the accident. The Rice Coat Company is a name used by Riceco to do business.

The Cervantes do not contest the rule of law applied by the trial court that where exclusive possession rests with a tenant, the landlord is generally not liable for injuries caused by defects. *Mitchell v. O'Hearne,* 795 S.W.2d 603, 605 (Mo.App. 1990). The Cervantes contend, as the first issue, that the trial court erred by granting summary judgment to the landlord trusts because a genuine issue of material fact exists as to whether more than one corporation leased or used the premises located at 701–707 Central. Specifically, the Cervantes contend that the Coat Outlet, Inc., a Kansas corporation, maintained a principal place of business at 701–707 Central and that the landlord trusts are, therefore, liable for the maintenance, care, and reasonable safety of common areas available to all tenants within the building, including the stairs upon which Mrs. Cervantes fell. The Cervantes base their claim upon the rule expressed in the case of *Darlington v.*

*Railway Exchange Building, Inc.,* 353 Mo. 569, 183 S.W.2d 101, 105 (1944), "that where premises are let to several tenants and portions thereof, such as hallways and stairways, are used by them in common, the landlord is held in law to have reserved such portions for the common use and to be responsible for the maintenance, care and reasonable safety thereof."

Summary judgment is a drastic remedy. *Commerce Bank of Fenton, N.A. v. B.P.J. Enterprises, Inc.,* 659 S.W.2d 615, 617 (Mo. App.1983). Summary judgment is granted only when no genuine issue of material fact exists. *Black Leaf Products Co. v. Chemsico, Inc.,* 678 S.W.2d 827, 829 (Mo.App. 1984). However, the movant need not show by unassailable proof entitlement to summary judgment. *Defino v. Civic Center Corp.,* 780 S.W.2d 665, 667 (Mo.App. 1989). Appellate courts review the record "in the light most favorable to the party against whom summary judgment was rendered," and all doubts are resolved in favor of that party. *Black Leaf Products Co.,* 678 S.W.2d at 829. "Review of summary judgment is equivalent to review of a court tried or equity proceeding, and if, as a matter of law, the judgment is sustainable on any theory, the judgment of the trial court must be sustained." *McKim v. Sears Rodeo Assoc., Inc.,* 789 S.W.2d 217, 219 (Mo.App.1990).

■ The record supports the trial court's conclusion that Riceco was the sole tenant of the premises located at 701–707 Central, and that the stairs upon which Mrs. Cervantes was injured were within the sole control of Riceco. Riceco leased the entire building. The lease provided that Riceco is responsible for all maintenance. Mrs. Cervantes claims to have fallen because her footing slipped on plaster lying on the stairs as she descended the staircase. The record reflects that only Riceco occupied the building, and that only Riceco swept and cleaned the staircase daily. Mrs. Cervantes understood that she was employed by Riceco at the time of her accident, and she had worked for Riceco at 707 Central for approximately six weeks prior to her injury.

The Cervantes promote evidence that another business utilized the building. The Coat Outlet, Inc., had stated in its 1988 annual report filed with the Missouri Secretary of State that its principal place of business was at 707 Central. The same people are officers and directors of both Riceco and Coat Outlet, Inc. However, in addition to the lease granting exclusive custody of the building to Riceco and the lease provision requiring Riceco to maintain the building exclusively, all of the evidence regarding activity within the building supports the position that Riceco was in exclusive control. The Cervantes refer to the Workers' Compensation carrier checks paid to Mrs. Cervantes in settlement of her Workers' Compensation claim which indicated that payments were paid in behalf of Coat Outlet, Inc., as evidence that Coat Outlet, Inc., conducted business within the building and that Mrs. Cervantes worked for this company when she was injured. However, the insurance carrier explained by affidavit that several companies, including Coat Outlet, Inc., and Riceco, were insured under the same policy. The error is understandable considering that Mrs. Cervantes had listed her employer as Coat Outlet, Inc., on the Workers' Compensation form that she filed. The insurance carrier did not attempt to confirm the claimant's employer on the payment checks since the employer designated by claimant was one of several covered by the policy. After Mrs. Cervantes' Workers' Compensation claim was filed, Riceco's comptroller provided information to the insurance carrier that Mrs. Cervantes worked for Riceco and not Coat Outlet, Inc.

The evidence contained within the record demonstrates conclusively that Riceco was the building's exclusive tenant. Thus, no genuine issue of material fact exists, and the trial court's summary judgment was proper.

■ The Cervantes contend, as the second issue, that because evidence was presented that Mrs. Cervantes was employed by Coat Outlet, Inc., as opposed to Riceco, the court erred in finding that it lacked subject matter jurisdiction and by dismissing suit against Riceco. Section 287.120.2, RSMo Supp.1990, provides that the rights granted an employee by the Workers' Compensation Law are the exclusive remedy available for injuries incurred by an employee which arise out of or in the course of employment. As discussed, the evidence of record supports the trial court's finding that Mrs. Cervantes was employed by Riceco at the time she was injured. No other conclusion is reasonably supported by the record. Mrs. Cervantes filed her claim pursuant to the Workers' Compensation Law. The trial court lacked jurisdiction to entertain the Cervantes' suit against Riceco. Therefore, the trial court's order dismissing the Cervantes' suit against Riceco was appropriate.

The trial court's summary judgment in favor of the landlord trusts and the trial court's order dismissing suit against Riceco are affirmed.