John W. WILLIAMS, Jr.,
Plaintiff/Appellant,

v.

BI–STATE DEVELOPMENT AGENCY,
Defendant/Respondent.

No. 63016.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 10, 1993.

Karen Bosley, St. Louis, for appellant.

Steven G. Schumaier, Theresa A. Hagans, Clayton, for respondent.

GRIMM, Presiding Judge.

Bus passenger appeals summary judgment granted in bus company's favor. He raises two points of error. Both allege summary judgment was not proper based on the existence of factual issues surrounding a release. We disagree and affirm.

## I. Background

In his pro se petition filed May 15, 1992, passenger alleged he was injured on April 17, 1987, when the bus he was riding collided with two other vehicles. Bus company's answer raised release as an affirmative defense. The release was allegedly signed May 24, 1991.

Bus company then moved to dismiss the action, or alternatively for summary judgment. Bus company alleged it had settled passenger's claim for $2,000.00. It further alleged passenger had executed a release in its favor.

Bus company attached copies of the release and settlement check. Passenger's attorney witnessed the release. The settlement check was made payable to both passenger and his attorney. Both documents were endorsed, apparently by passenger and his attorney.

An off the record hearing was held. After the hearing, the trial court found that passenger had "executed a valid release on this cause of action through an attorney, and [bus company's] motion is granted." The court then dismissed the action with prejudice.

Passenger moved for a rehearing, which the court granted. Bus company filed two affidavits [1] on the date of the rehearing. At the rehearing, again off the record, passenger presented the affidavit of a document examiner. The trial court found no

---

1. In its brief, bus company alleges it filed these affidavits the day of the initial hearing on its motion. It alleges it refiled these copies because the court could not locate the original affidavits. However, there is nothing in the record indicating these affidavits were filed the day of the initial hearing. The legal file does not include the docket sheets. The affidavits in the record before us are file-stamped the date of the rehearing. Thus, we treat them as filed that date.

basis to set aside its previous order dismissing the case.

## II. Summary Judgment

For his points of error, passenger alleges the trial court erred in dismissing his petition or granting summary judgment because there were factual issues surrounding the execution of the release. We treat both points as one because they essentially allege the same thing.

We first note that where, as here, "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment...." *See* Rule 55.27(b).[2]

■ Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits filed in support of the motion," show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Krause v. U.S. Truck Co., Inc.,* 787 S.W.2d 708, 709 (Mo. banc 1990). It is no longer necessary that movant show entitlement to summary judgment by unassailable proof. *Cervantes v. Buhayer,* 826 S.W.2d 63, 65 (Mo.App.W.D.1992).

When a motion for summary judgment is made and supported by affidavits, an adverse party may not rest upon the mere allegations or denials of his pleadings. Rule 74.04(e). Rather, the adverse party must respond by setting forth specific facts showing there is a genuine issue for trial. *Id.* "If [the adverse party] does not so respond, summary judgment, if appropriate, shall be entered against [that party]." *Id.*

■ Here, bus company submitted the affidavit of passenger's attorney. In his affidavit, attorney stated: (1) he represented passenger in his claim against bus company; (2) he negotiated and settled passenger's claim in good faith; (3) he conferred with passenger, his mother, and "perhaps another family member"; (4) the release and settlement check were executed in his office; (5) the only people in his office who could have executed the release and settlement check were passenger and his family members; and (6) "[f]rom my personal knowledge, the release and check were signed by [passenger] *or on his behalf by one of his family members in his presence, in my office...."* (emphasis added).

At the rehearing, passenger presented document examiner's affidavit. Attached to this affidavit was examiner's report and conclusion that the signatures on the release and settlement check were not passenger's or his mother's.

We view the evidence in the light most favorable to passenger. *Claybon v. Midwest Petroleum Co.,* 819 S.W.2d 742, 743 (Mo.App.E.D.1991). Here, we cannot say examiner's affidavit counters attorney's affidavit. Rather, examiner's affidavit is consistent with attorney's affidavit. Both allege that someone other than passenger may have signed the release and check for passenger.

Passenger's evidence does not set forth specific facts showing a genuine issue for trial. The fact that a person other than passenger may have signed these documents is not disputed. The dispute here is whether this person signed these documents in passenger's behalf. Passenger did not address this issue. Thus, no genuine issue of material fact exists. Point denied.

The judgment of the trial court is affirmed.

CARL R. GAERTNER and AHRENS, JJ., concur.

---

2. In his brief, passenger stated he "will treat the order as one granting summary judgment."